J-S22017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: W.A.E.P. A/K/A W.P. A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: L.H., MOTHER | : | No. 3761 EDA 2017 |

Appeal from the Decree October 25, 2017
In the Court of Common Pleas of Philadelphia County
Family Court at No:  CP-51-AP-0001213-2016,
CP-51-DP-0001196-2014

| | | |
|---|---|---|
| IN THE INTEREST OF: J.D.P. A/K/A J.P., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: L.H., MOTHER | : | No. 3763 EDA 2017 |

Appeal from the Decree October 25, 2017
In the Court of Common Pleas of Philadelphia County
Family Court at No:  CP-51-AP-0001216-2016,
CP-51-DP-0001195-2014

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT, J.*

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 20, 2018**

L.H. ("Mother") appeals from the decrees entered October 25, 2017, which terminated involuntarily her parental rights to her minor children, J.D.P., a male born in August 2006, and W.A.E.P., a female born in June 2012

_____

* Retired Senior Judge assigned to the Superior Court.

(collectively, "the Children"),[1] and from the orders entered that same day, which changed the Children's permanent placement goals to adoption. In addition, Mother's counsel has filed a petition to withdraw and brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we deny counsel's petition to withdraw, vacate the decrees and orders, and remand for further proceedings consistent with this memorandum.

The trial court summarized the factual and procedural history of this matter as follows.

> On May 2, 2014, the Department of Human Services ("DHS") received a General Protective Services ("GPS") report alleging that [J.D.P.] threatened to kill Mother with a knife. The GPS report also alleged that [J.D.P.] suffered from autism, Oppositional Defiant Disorder ("ODD") and Post Traumatic Stress Disorder ("PTSD"). The GPS report alleged that parents had ongoing domestic violence issues and that Mother was the indicated aggressor of this violence. On May 16, 2014, the Children's father contacted D.H.S. and stated that Mother requested that he take care of the Children while she went on a methamphetamine[-]fueled drug binge. Father stated that he had no money, there was no food in the home and that he had no means to care for the Children. Father also stated that the family was involved with the New Jersey [Division of] Child Protection and Permanency ("CP&P"), formerly known as the New Jersey Division of Youth and Family Services, and that he was [c]ourt-ordered to have only supervised visitation with the Children. On May 16, 2014, DHS spoke with CP&P and learned that the family had an open case in New Jersey and that Mother moved to

---

[1] The trial court entered separate decrees that same day, terminating involuntarily the parental rights of the Children's putative father, C.P. ("Father"). Father did not appeal the termination of his parental rights, nor did he file a brief in connection with this appeal.

Philadelphia to avoid services being implemented in her New Jersey home.

That same day, on May 16, 2014, DHS obtained an OPC for the Children. Pursuant to the OPC the Children were placed in DHS care. On October 1, 2014, the Children were adjudicated dependent.

Trial Court Opinion, 2/23/18, at 2-3 (citations to the record omitted).

On December 9, 2016, DHS filed petitions to terminate Mother's parental rights to the Children involuntarily, as well as petitions to change the Children's permanent placement goals to adoption. The trial court conducted a combined termination and goal change hearing on October 25, 2017, during which the Children had the benefit of both legal counsel and a guardian *ad litem* ("GAL"). Following the hearing, the court entered decrees terminating Mother's parental rights and orders changing the Children's goals. Mother timely filed notices of appeal on November 16, 2017, along with concise statements of errors complained of on appeal. Mother's counsel filed a petition to withdraw and **Anders** brief on March 3, 2018.

We begin by addressing counsel's petition to withdraw and **Anders** brief. **See Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) ("'When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.'") (quoting **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)). This Court extended the **Anders** procedure to appeals from decrees terminating parental rights involuntarily in **In re V.E.**, 611 A.2d 1267 (Pa. Super. 1992). To withdraw pursuant to **Anders**, counsel must:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citing *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009)).  Counsel must also "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

Additionally, our Supreme Court has held that an **Anders** brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the instant matter, counsel filed a petition to withdraw and **Anders** brief.  Counsel's brief includes a summary of the facts of this case, a list of issues that could arguably support the appeal, and counsel's assessment of why those issues are meritless, with citations to the record and relevant legal

authority. Counsel also included a copy of her letter to Mother, advising her that she may obtain new counsel or proceed *pro se*. Thus, counsel complied substantially with the requirements of **Anders** and **Santiago**, and we may review the issues outlined in her brief. We must also "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote omitted).

After careful examination of the certified record, we have identified an issue relating to the Children's statutory right to counsel. The Adoption Act provides that children have the right to representation by counsel in all contested involuntary termination proceedings. Section 2313(a) of the Act provides as follows:

> **(a) Child.--**The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S.A. § 2313(a).

The term "counsel" in Section 2313(a) refers to an attorney representing the child's legal interests. **In re Adoption of L.B.M.**, 161 A.3d 172, 180 (Pa. 2017). As our Supreme Court has emphasized, a child's legal interests are distinct from his or her best interests. **Id.** at 174. A child's legal interests are

synonymous with his or her preferred outcome, while a child's best interests must be determined by the trial court. ***Id.***

This Court clarified the requirements that counsel must meet in order to provide adequate representation of a child's legal interests in ***In re Adoption of T.M.L.M.***, 2018 Pa. Super. LEXIS 333, 2018 WL 1771194 (Pa. Super. filed April 13, 2018). In that case, the child was just under six years old at the time of the hearings to terminate his mother's parental rights. 2018 Pa. Super. LEXIS 333 at 9, 2018 WL 1771194 at 4. However, the attorney appointed to represent the child did not attempt to interview him, and did not set forth his preferred outcome on the record. 2018 Pa. Super. LEXIS 333 at *6-10, 2018 WL 1771194 at *3-4. The child's attorney did not advocate for his legal interests during the hearings, and instead focused solely on his best interests. ***Id.*** Moreover, she did not file a brief in this Court, nor did she join a brief filed by another party. 2018 Pa. Super. LEXIS 333 at *8, 2018 WL 1771194 at *4.

This Court concluded that the child had been deprived of his statutory right to counsel. We reasoned as follows:

> At the time of the hearings, Child was just shy of six years old. While Child may not have been old enough to participate actively in [the attorney's] representation of him, it is not unlikely that Child has feelings one way or another about his mother and his permanency. Like adult clients, **effective representation of a child requires, at a bare minimum, attempting to ascertain the client's position and advocating in a manner designed to effectuate that position.** It may be that Child's preferred outcome in this case is synonymous with his best interests. It may be that Child wants no contact with Mother.

- 6 -

> Child may be unable to articulate a clear position or have mixed feelings about the matter. Furthermore, termination of Mother's rights may still be appropriate even if Child prefers a different outcome. However, . . . **it is clear that where a court appoints an attorney ostensibly as counsel, but the attorney never attempts to ascertain the client's position directly and advocates solely for the child's best interests, the child has been deprived impermissibly of his statutory right to counsel serving his legal interests.**

2018 Pa. Super. LEXIS 333 at *9-10, 2018 WL 1771194 at *4 (citation omitted) (emphasis added).

Similarly, our review of the record in this matter reveals that the Children are likely able to express their preferred outcomes. J.D.P. was eleven years old at the time of the hearing, and W.A.E.P. was five years old. However, the Children's counsel did not indicate that he attempted to interview them or discern their preferences. Indeed, counsel did little if anything to advocate for the Children at all. Counsel asked one question, and presented no argument or statement on the Children's behalf. *See* N.T., 10/25/17, at 10-13, 18-19.

To complicate matters further, Mother did not serve the Children's counsel with her notices of appeal. Because of Mother's error, this Court omitted counsel from our docket. Counsel did not file a brief in this Court, nor did he receive the opportunity to file a brief. Counsel has not advocated for the Children's legal interests on appeal in any way.[2] *See T.M.L.M.*, 2018 Pa.

---

[2] While the Children also had a GAL during the hearing, the GAL's representation did not make up for the deficient performance by legal counsel. The GAL did not indicate that she met with the Children. She did not make a

Super. LEXIS 333 at *8, 2018 WL 1771194 at *4 ("Counsel's duty to represent a child does not stop at the conclusion of the termination of parental rights hearing.").

While the trial court heard at least some testimony relating to the Children's legal interests during the hearing, this does not excuse counsel's failure to provide representation of the Children in accordance with Section 2313(a) and our holding in **T.M.L.M.** Depriving the Children of their right to counsel is a structural error that can never be harmless, and we must not speculate as to the effect of counsel's deficient performance. **L.B.M.**, 161 A.3d at 183 ("[H]armless error analysis would require speculation after the fact to evaluate the effect of the lack of appointed counsel, effectively requiring proof of a negative."). Absent some indication that counsel interviewed the Children, followed by counsel's statement of the Children's preferred outcomes on the record, we cannot find adequate representation in this case. This is especially so where counsel was not able to file a brief on appeal.

Having reached this conclusion, we must now consider the appropriate remedy. Under normal circumstances, because this is an **Anders** case, we would deny the petition to withdraw and direct counsel to file an advocate's brief arguing the issue of the Children's inadequate legal representation. **See**

---

statement clarifying the Children's legal interests, nor did she state that the Children's legal interests and best interests were not in conflict. Like the Children's counsel, the GAL did not file a brief on appeal.

*Commonwealth v. Tejada*, 176 A.3d 355, 362 (Pa. Super. 2017) (denying counsel's petition to withdraw and directing her to file an advocate's brief, where her *Anders* brief included an issue that was not frivolous).

However, when addressing a parent's right to counsel in the *Anders* context, this Court has chosen to simply vacate the termination decree and remand without requiring an advocate's brief. *See In re X.J.*, 105 A.3d 1, 7 (Pa. Super. 2014) (vacating the termination decree in an *Anders* case, where the record revealed that the appellant did not receive counsel). We believe this is the more prudent course of action, because it will remedy the Children's lack of adequate legal representation in an expedient fashion.

Therefore, we deny the petition to withdraw filed by Mother's counsel, and vacate the decrees terminating Mother's parental rights. Because the Children were entitled to representation of their legal interests in the goal change proceeding as well, we also vacate the orders changing their permanent placement goals to adoption. *See* 42 Pa.C.S.A. § 6311(b)(9); Pa.R.J.C.P. 1154(9) (providing that a child's GAL in dependency matters must "determine to the fullest extent possible the wishes of the child and communicate this information to the court."). On remand, the Children's counsel must interview them and attempt to discern their preferred outcomes. In the event counsel no longer represents the Children, the trial court must appoint new counsel. In the event counsel determines that the Children prefer different outcomes, the court must appoint separate counsel for each child.

Once the Children have counsel, and their preferred outcomes are clear, counsel must notify the trial court. If the Children's preferred outcomes are consistent with the result of the prior proceedings, the court may supplement the record with a statement of the Children's legal interests and reenter its termination decrees and goal change orders. Alternatively, if the Children's preferred outcomes are inconsistent with the result of the prior proceedings, the court shall conduct a new hearing. *See T.M.L.M.*, 2018 Pa. Super. LEXIS 333 at *11, 2018 WL 1771194 at *4 (providing that the trial court "shall conduct a new hearing only if it serves the 'substantive purpose' of providing [T.M.L.M.] with an opportunity to advance his legal interests through his new counsel.") (footnote omitted).

Petition to withdraw denied. Decrees vacated. Orders vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/18

- 10 -