J-S63001-17

2017 PA Super 388

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- |
| v. | |
| RICKY TEJADA | |
| Appellant | No. 24 WDA 2016 |

Appeal from the Order December 18, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002407-2015

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- |
| v. | |
| RICKY TEJADA | |
| Appellant | No. 119 WDA 2016 |

Appeal from the Order January 11, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002407-2015

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- |
| v. | |
| RICKY TEJADA | |
| Appellant | No. 170 WDA 2016 |

Appeal from the Order December 17, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002407-2015

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| RICKY TEJADA | |
| Appellant | No. 872 WDA 2016 |

Appeal from the Order March 9, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002407-2015

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| RICKY TEJADA | |
| Appellant | No. 892 WDA 2016 |

Appeal from the Order March 9, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002407-2015

BEFORE:  BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

OPINION BY BOWES, J.:                    **FILED  DECEMBER 12, 2017**

Ricky Tejada appeals from the judgment of sentence of four to eight years incarceration imposed following his convictions for two counts of

- 2 -

aggravated harassment by a prisoner. Appellate counsel has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny the petition, and order the filing of a merits brief.

The factual history of Appellant's crimes is straightforward. Appellant, while incarcerated in SCI Albion, threw urine at corrections officers on two separate occasions, and was charged with two counts of aggravated harassment by a prisoner. He was found guilty of both counts following a jury trial held in *absentia*, and received the aforementioned sentence. The facts pertinent to our disposition of this matter largely concern what occurred prior to trial, and we therefore review those facts in some detail.

First, Appellant elected to represent himself at trial. Appellant appeared for a scheduled jury trial on January 11, 2016, and the proceedings commenced with the trial court asking, "it's my understanding you are representing yourself; is that correct?" N.T., 1/11/16, at 3. Appellant confirmed that he intended to act as his own attorney.[1] Following

---

[1] During this hearing, Appellant stated, "I never moved for appointment of counsel, so why do I have a waiver?" N.T, 1/11/16, at 3. The pertinent Rule of Criminal Procedure provides:

(A) Counsel shall be appointed:
. . . .
*(Footnote Continued Next Page)*

a waiver colloquy, the trial court concluded that Appellant validly waived his right to counsel.

At that juncture, Appellant argued that he was entitled to a continuance, stating that the Commonwealth had failed to provide discovery pursuant to a pre-trial order directing the Commonwealth to send discovery to Appellant.[2]  The Commonwealth represented that it had complied with the earlier order and had sent discovery to SCI Albion.  Based solely on that representation, the trial court denied the continuance and suggested Appellant's recourse was to challenge any deviations from the discovery on appeal.  "[Y]ou had time to prepare.  The Commonwealth has sent your

_(Footnote Continued)_ ───────────────

> (2) in all court cases, prior to the preliminary hearing to all defendants who are without financial resources or who are otherwise unable to employ counsel;

Pa.R.Crim.P. 122.  The Comment thereto states, "Ideally, counsel should be appointed to represent indigent defendants immediately after . . . preliminary arraignment in all court cases."  The certified record contains a waiver of counsel form signed by the magisterial district judge, who indicated that Appellant waived his right to counsel at the preliminary hearing.

[2] We note that the January 11, 2016 proceeding was the first court listing.

discovery. And as I said, if that is inconsistent with the evidence presented at trial, you can challenge it on appeal." N.T., 1/11/16, at 14.[3]

Appellant then claimed that he was incompetent to proceed and demanded a competency hearing, which the trial court denied on the basis that Appellant's behavior did not indicate any incompetency. Following that discussion, the trial court informed Appellant that jury selection would proceed "as soon as we get a jury panel available." *Id*. at 15.

Following a recess the trial court asked, "[Appellant], I need to know if you are going to stay for your trial?" *Id*. Appellant claimed that he was "not the defendant" and argued that the court "has no jurisdiction to proceed." *Id*. at 16. Appellant does not appear to have been otherwise disruptive of the proceedings, as reflected by the fact that the trial court stated, "I'm going to allow you to remain, but if you disrupt the proceeding, in any way, you will be removed and the trial will go on without you." *Id*. at 17.

The jury panel then entered the room. Appellant requested to admit into evidence the *voir dire* sheets, claiming that the sheets were "illegible and incomprehensible because of the writing." *Id*. at 18. Significantly, Appellant followed that statement with the following request:

_____

[3] Left unexplained is why the trial court did not simply order the Commonwealth to make another copy of the discovery, given the relatively simple nature of this case.

The defense also makes it known for the record he requires counsel. I told you numerous times I don't understand. You're trying to push the trial on me. I got a 6th Amendment right to counsel. It's not filled out and I told you, I'm asking for my constitutional 6th amendment right since you're forcing the trial on me improperly.

THE COURT: Mr. Tejada, you waived your right to counsel.

MR. TEJADA: And I got a constitutional right to get it reinstated.

THE COURT: Excuse me. Mr. Tejada, I'm speaking. I didn't interrupt you and don't interrupt me. You waived your right to counsel approximately one hour ago before this [c]ourt. I went over the rights waiver in detail with you. You answered the questions appropriately and waived your right to counsel. . . .

*Id*. at 18-19. Appellant interjected, "The constitution doesn't put no restraints on when I can reinstate that right. I'm timely reinstating it." *Id.* at 20. Following more discussion, the trial court stated, "[Y]our outbursts will not be tolerated, you will be removed from this courtroom, you will be tried *in absentia*." *Id*. at 21. Finally, the trial court stated that Appellant could communicate with the court so long as he followed the rules, to which Appellant replied, "Then appoint standby counsel to communicate with the [c]ourt." *Id*. The trial court repeated that outbursts would not be tolerated. The following exchange occurred:

MR. TEJADA: So are you saying I'm denied the right to standby counsel? If not, appoint me counsel. Is that what you're saying for the record?

THE COURT: I'm saying that we are going to begin *voir dire*.

MR. TEJADA: If you conduct *voir dire*, then I need counsel.

THE COURT:  You already waived your right to counsel.

MR. TEJADA: And I'm petitioning to reinstate in accordance with the Pennsylvania Rules of Criminal Procedure 120.

The COURT: Well, it's too late at this point.

MR. TEJADA: So you're waiving my right to counsel or standby counsel?

THE COURT:  All right. Take Mr. Tejada out, please.

*Id*. at 22.

Jury selection and the trial continued in Appellant's absence, without anyone representing Appellant's interests.  Appellant was convicted of all charges and received the aforementioned sentence.  Appellant timely appealed and complied with the order to file a Pa.R.A.P. 1925(b) statement.[4] This matter is ready for our review.  In the ***Anders*** brief, counsel raised the following three issues before concluding that the appeal was wholly frivolous:

I.      Whether the trial court erred and/or abused its discretion in failing to order a psychiatric examination in order to determine whether the Appellant was competent to stand trial and participate in his own defense?

II.     Whether the trial court erred and/or abused its discretion in order[ing] the Appellant removed from the court room prior to trial and conduct[ing] the trial in *absentia*[?]

_____

[4] Appellant filed several premature notices of appeal, in addition to a timely notice of appeal from judgment of sentence, which were consolidated.

    III.    Whether [Appellant]'s sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

*Anders* brief at 3.

Since counsel has filed a petition to withdraw, we must first rule on the request to withdraw without reviewing the merits of the underlying issues. *Commonwealth v. Blauser*, 166 A.3d 428 (Pa.Super. 2017). In order to withdraw from appellate representation pursuant to *Anders*, certain procedural and substantive requirements must be met. Procedurally, counsel must 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. *See Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*).

The petition to withdraw sets forth that counsel has reviewed the entire record, and concluded that there are no actual or potential non-frivolous issues. The petition includes a copy of the letter sent to Appellant, which informed Appellant that he had the right to retain new counsel, or proceed *pro se* and raise additional arguments on his own behalf.

Additionally, the letter states that Appellant was supplied with a copy of the **Anders** brief.[5] Therefore, the procedural requirements have been met.

We now examine whether the brief meets the substantive requirements as set forth by our Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010) (citing **Santiago**, **supra** at 361).

We conclude that this brief complies with the first three prongs, but fails with respect to the fourth prong as applied to the second issue on appeal. The brief states:

> As to the first two issues presented by the Appellant questioning the discretion of the trial court regarding the denial of a request

---

[5] Appellant filed a response, averring that counsel overlooked numerous trial errors. However, since Appellant elected to represent himself, all of those issues would be waived, presuming for the moment that the waiver and Appellant's absence from trial were valid.

for a competency exam and the Appellant's removal from the courtroom and subsequent trial *in absentia*, the reasons for doing so are well documented on the record and further supported by the trial court in [the] supplemental opinions.

***Anders*** brief at 11. This analysis does not constitute counsel's own articulation of controlling case law. While we do not dispute that, in some circumstances, a well-reasoned and thorough trial court opinion can serve to satisfy the fourth prong of ***Santiago***, the analysis relied upon by counsel likewise failed to articulate and explain the pertinent law:

> The [c]ourt stands by the record as to the basis for the Defendant's/Appellant's removal from the courtroom. The Defendant/Appellant was warned of the consequences if he continued his disruptive behavior and chose to do so. And at no time after he was removed did he ever indicate to the [c]ourt he wished to return and would conform his behavior to a level of decorum consistent with such proceedings. The Defendant's/Appellant's behavior and choices [were] entirely in keeping with his long-term history of behavior, both in and out of prison. No violation of the Defendant's/Appellant's rights occurred in light of the facts and circumstances of the Defendant's/Appellant's words and actions and counsel has pointed to nothing of record indicative of such.

Trial Court Opinion, 2/17/17, at 2.

In the interests of judicial economy, we will not remand for a proper ***Santiago*** analysis, as Appellant's second issue presents a non-frivolous claim.[6] The trial court's decision to proceed with the trial *in absentia* may be

_____

[6] With respect to the competency issue, we agree that this issue is frivolous, and that the trial court did not abuse its discretion in finding that Appellant's request for a competency examination was a tactic designed to delay the
*(Footnote Continued Next Page)*

justifiable in the abstract. Indeed, this Court recently issued an opinion involving Appellant, which included our review of a Huntingdon County trial court's decision to bar Appellant from the courtroom for his retrial after Appellant attacked his appointed counsel during the prior proceeding. ***See Commonwealth v. Tejada***, 161 A.3d 313 (Pa.Super. 2017). Appellant's behavior may well have rendered it impossible to continue in an orderly fashion, and this Court recognizes that the written transcript cannot provide crucial context, such as volume level, demeanor, or tone.

However, the flaw in the trial court's analysis, and by extension appellate counsel's adoption of that analysis, is that it fails to recognize the significance of Appellant's *pro se* status as it bears on his right to representation at trial. Accepting *arguendo* that the trial court was authorized to bar Appellant from the courtroom as a result of his behavior, it does not necessarily follow that those same principles permitted the trial to continue without any representation of his interests. It does not appear that any precedent from this Commonwealth has directly addressed this particular scenario. However, our research has revealed that the Court of Appeals of Oregon recently confronted this exact issue:

*(Footnote Continued)* ──────────────

trial. Regarding the third issue, which concerns the discretionary aspects of Appellant's sentence, that issue is frivolous as Appellant did not request reconsideration and the issue was therefore not preserved.

In [**State v. Menefee**, 341 P.3d 229 (Or.App. 2014)], we set forth the procedure that the Sixth Amendment requires a trial court to follow when a self-represented defendant's misconduct causes the court to remove the defendant from the courtroom. The issue was one of first impression in Oregon and, after reviewing the case law from other state and federal courts to have considered the question, we observed that a situation like that confronted by the trial court here raises "complex constitutional issues," because it implicates three related but distinct Sixth Amendment rights: (1) the right to be present at trial; (2) the right to self-representation; and (3) the right to representation. Persuaded by the Ninth Circuit's analysis in **United States v. Mack**, 362 F.3d 597 (9th Cir. 2004), we held that a defendant may forfeit the first two of those rights by misconduct, but does not forfeit the third: "although a defendant who acts out at trial may forfeit the right to be present and the right to self-representation in the proceeding, the defendant does not also forfeit the right to any representation at trial."

Consequently, because a criminal defendant does not forfeit the right to representation by misconduct (only the rights to self-representation and to be present), "after a trial court has removed a *pro se* defendant for his or her misconduct**, the trial court cannot proceed in the defendant's absence unless and until the trial court has either secured the defendant's waiver of his or her right to representation at trial or has taken some other course of action that protects the defendant's right to representation**, which may include the appointment of counsel." . . . .

As the Ninth Circuit recognized in **Mack**, one of the primary rationales for this approach is to protect the structural integrity of our criminal justice system. Where a criminal case is tried against a vacant defense table, the adversarial process has broken down, and cannot ensure that the convictions rendered are fair and reliable. Our system strives to be fair, even to those who, like the defendant in **Menefee** and defendant here, work the hardest to undermine it. And the Sixth Amendment imposes upon us, as courts, an obligation to do what we can to prevent them from succeeding. This does not mean that a court has to tolerate an obstreperous defendant's presence in the courtroom, but it does mean that the court may have to appoint counsel for a defendant who previously elected to proceed *pro se*,

- 12 -

notwithstanding the awkwardness of doing so mid-trial. For this reason, as we observed in **Menefee**, "it is advisable for a trial court to appoint advisory counsel for a defendant whom the court suspects will be disruptive so that the court can appoint that lawyer as counsel if the defendant can no longer represent himself."

In this case, after defendant forfeited his rights to be present and self-representation, the trial court continued the trial in defendant's absence without complying with the procedure set forth in **Menefee**. The court did not secure a waiver of defendant's right to representation, it did not appoint counsel, and it did not take other measures to protect defendant's right to representation after it removed him from the courtroom. As a result, defendant was deprived both of closing argument and the ability to participate in the trial on the sentencing enhancement factors.

*State v. Lacey*, 385 P.3d 1151, 1152–53 (Or.App. 2016) (emphasis added, some citations omitted), *review allowed*, 393 P.3d 1176 (Or. 2017).

We agree with our sister court that these factual circumstances involve complex constitutional issues regarding Appellant's Sixth Amendment rights. Accordingly, we cannot conclude that there is no arguable merit to the claim that the trial court erred by permitting the trial to proceed *in absentia* without any adversarial testing whatsoever, especially when the trial had yet to begin when Appellant was removed from the courtroom.[7]

We recognize that Appellant appears, by all accounts, to be an obstreperous and contumacious individual, as evidenced by, *inter alia*, the

---

[7] We do not express any opinion on the merits of the **Lacey** analysis. Rather, we invoke that precedent to demonstrate that Appellant's claim is not frivolous.

fact that he attacked his court-appointed counsel in another proceeding. *Tejada*, *supra*. Additionally, a review of the January 11, 2016 transcript reveals that Appellant engaged in absurd tactics; *e.g.* he repeatedly refused to answer questions by insisting that he was not the defendant, demanded a competency hearing, asked the trial court to charge the prosecutor with perjury, and continually maintained that the courts lacked jurisdiction over his person. However, we agree with the Oregon Court of Appeals that our judicial system must strive "to be fair, even to those who . . . work the hardest to undermine it. And the Sixth Amendment imposes upon us, as courts, an obligation to do what we can to prevent them from succeeding." *Lacey*, *supra* at 1153.

Similarly, *Anders* imposes upon this court an obligation to guard against any further erosion of Appellant's right to a direct appeal. In light of the obvious constitutional issues raised by permitting a trial without any representation of Appellant's interests, we cannot agree that the second issue is wholly frivolous, and we therefore must deny counsel's request to withdraw.

Finally, we note that, due to our conclusion that the second issue presented is not frivolous, we have no occasion to probe the record for additional non-frivolous issues. *See Commonwealth v. Blauser*, 166 A.3d 428, 434 (Pa.Super. 2017) (requiring counsel to file merits brief due to a finding that one of the issues set forth in the *Anders* brief was not wholly

- 14 -

frivolous; panel did not proceed to independently examine record for additional issues).[8]  Simultaneously, we wish to make plain that our order directing a merits brief with respect to the second issue does not represent *sub silentio* a conclusion that no other arguably meritorious issues exist.

Petition to withdraw denied.  We grant appellate counsel thirty days from the date of this decision to file an advocate's brief, and the

_____

[8] We are cognizant of the criticisms of reviewing the record for additional issues not raised by counsel when an ***Anders*** brief has been filed, in that an appellant represented by an attorney who files a merits brief is limited to the issues raised.  Since we have determined that one of the issues presented in the statement of questions is arguably meritorious, we would exceed the scope of our review by continuing to review the record for additional issues that counsel did not identify.

Nevertheless, this case serves as a compelling example of the value in independently reviewing the record.  It is difficult to accept that this appeal is wholly frivolous given that the trial court: (1) denied Appellant's request for continuance and forced Appellant to proceed to trial without even ordering the Commonwealth to make an additional copy of the discovery; (2) refused to entertain the notion of appointing counsel when Appellant vacillated less than an hour after waiving his right to counsel and where jury selection had barely commenced; (3) failed to appoint stand-by counsel; and (4) permitted the Commonwealth to present a case entirely unopposed, thereby all but assuring a guilty verdict.  While this Court cannot insert itself as an advocate, we urge counsel to conduct another review of the record due to the misapprehension regarding Appellant's rights to representation.

Relatedly, it is to the Commonwealth's discredit that it likewise failed to bring the arguably meritorious issue to our attention.  "[P]rosecutors are to seek justice, not only convictions.  This obligation to seek justice includes the responsibility to assure that the defendant receives a fair and impartial trial." ***Commonwealth v. Cherry***, 378 A.2d 800, 803 (Pa. 1977) (citations omitted).  It is difficult to concoct a scenario that entails a higher risk of an unfair trial than allowing trial to proceed with no one representing the criminal defendant's interests.

- 15 -

Commonwealth thirty days thereafter to file a responsive brief. Jurisdiction retained.