J-S54035-19

2020 PA Super 287

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHARLES FLOYD :
:
Appellant : No. 84 MDA 2019

Appeal from the Judgment of Sentence Entered December 21, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001694-2012,
CP-22-CR-0002833-2018

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

DISSENTING OPINION BY BOWES, J.:          **FILED DECEMBER 16, 2020**

I fully agree with my learned colleagues' analysis and conclusion on the

issue regarding our Supreme Court's decision in ***Commonwealth v. Walker***,

185 A.3d 969, 977 (Pa. 2018).  ***See*** Majority Memorandum at 5-6.  I also

agree that we must deny counsel's petition to withdraw because it is not clear

from the certified record that this appeal is wholly frivolous.  However, I

cannot agree with the Majority's decision to vacate Appellant's guilty plea and

sentence rather than remand for the filing of an advocate's brief.

The purpose of the withdrawal procedure set forth in ***Anders v.***

***California***, 386 U.S. 738 (1967), is to "assure penniless defendants the same

rights and opportunities on appeal—as nearly as is practicable—as are enjoyed

by those persons who are in a similar situation but who are able to afford the

retention of private counsel."  ***Id***. at 745.  As such, appointed counsel must

"support his client's appeal to the best of his ability" unless "counsel finds his case to be wholly frivolous[.]" *Id*. at 744.

Counsel who determines that his client's appeal is wholly frivolous must seek to withdraw and file a brief which "provide[s] the appellate courts with a means for making two determinations—whether appointed counsel has fully supported his client's appeal to the best of his ability and whether the appeal is indeed so lacking in merit that counsel should be permitted to withdraw." ***Commonwealth v. Santiago***, 978 A.2d 349, 355 (Pa. 2009). If we agree with counsel's assessment that the appeal is wholly frivolous, then we proceed to dispose of the appeal. ***Anders***, ***supra*** at 744. However, if the court "finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." ***Id***.

Therefore, "if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007). ***See also Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa.Super. 2018) (*en banc*) ("We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them."); ***Commonwealth v. Tejada***, 176 A.3d 355, 362 (Pa.Super. 2017) (remanding for filing of advocate's brief upon concluding that issue raised by counsel was not frivolous); ***Commonwealth v. Blauser***, 166 A.3d 428, 434 (Pa.Super. 2017)

(remanding for advocate's brief because the "[a]ppellant's Sixth Amendment right to zealous advocacy on a first appeal forecloses this [C]ourt from simply deciding the issue on the merits on the basis of counsel's *Anders* brief").

The Majority indicates that in the instant case, counsel has both identified issues that lack merit and "provided advocacy in support of two issues of arguable merit[.]"[1] Majority Opinion at 7. I disagree. Counsel plainly states his belief that this "appeal is wholly frivolous." *Anders* brief at 13. *See also id*. at 4, 14, 15, 29 (same). He identifies the adequacy of the waiver-of-counsel colloquy as a possible issue of merit, discusses the applicable law, and explains why he believes that the claim warrants no relief. *See id*. at 26-28. Counsel's discussion of this issue provides no more advocacy than his analysis of the rest of the points of arguable merit he identifies and deems unavailing. Furthermore, in the face of counsel's lack of advocacy, the Commonwealth had no incentive to, and did not, offer any counter-advocacy on the issue adjudicated by the Majority.

Hence, rather than decide the merits of the issues concerning Appellant's colloquy based upon the advocacy of counsel, the Majority acts *sua sponte* in vacating Appellant's guilty plea and sentences. I recognize that, in instances where a petitioner's right to relief was clear, we have granted

---

[1] I note that this Court has expressly disavowed the propriety of such "quasi-*Anders*" briefs in which counsel advocates for some issues and against others. *See Commonwealth v. Morrison*, 173 A.3d 286, 293 (Pa.Super. 2017).

substantive relief *sua sponte* based on issues revealed during our independent review of the record rather than remanding for counsel to file an advocate's brief. **See**, **e.g.**, **Commonwealth v. Hankerson**, 118 A.3d 415, 421 n.2 (Pa.Super. 2015) (agreeing with counsel's assessment of the issues raised in the **Anders** brief but *sua sponte* vacating sentence that included unconstitutional mandatory minimum).

However, our Supreme Court has a "long standing policy disfavoring the exercise of *sua sponte* review by appellate courts[.]" **In re Adoption of K.M.G.**, ___ A.3d ___, 2020 WL 6580616, at *10 (Pa. November 10, 2020). The High Court recently reiterated:

> *Sua sponte* consideration of issues disturbs the process of orderly judicial decision making. A reviewing court addressing an issue on its own deprives counsel of the opportunity to brief and argue the issues and the court the benefit of counsel's advocacy. It renders the lower proceedings a mere dress rehearsal for further appellate review.

**Id**. (internal quotation marks omitted).

Not only does the general policy against doling out justice in the absence of advocacy militate against the Majority's disposition of this appeal, but the specifics of this case make it especially concerning. Counsel has represented to this Court that, after discussing the impact this appeal could have on Appellant's ability to retain the benefit of his plea bargain, Appellant instructed him to file an **Anders** brief rather than to challenge the adequacy of his waiver colloquy. **See Anders** brief at 21-22. Further, Appellant has filed in this Court a motion to dismiss his direct appeal counsel, signaling his desire to

reframe his direct appeal issues differently than counsel has. Yet, the Majority voids Appellant's plea agreement of its own accord without giving Appellant the opportunity to weigh in on the issue or signal that it is something he wishes to pursue.

In my view, the proper course at this juncture is for this Court to deny counsel's petition to withdraw based on the existence of an issue of arguable merit, and to remand for the filing of an advocate's brief. On remand, the trial court should hold a proper colloquy to determine whether counsel or Appellant will be the one to file the brief. This route would ensure that Appellant's right to the advocacy of counsel, and his right to decide whether to seek to negate his plea agreement,[2] are both honored.

Therefore, I respectfully dissent.

---

[2] Pursuant to the agreement, Appellant received sentences below the mitigated range of the guidelines. **See** N.T. Sentencing, 12/21/18, at 6.

- 5 -