J-S35004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                    :           PENNSYLVANIA
                                    :
              v.                           :
                                    :
                                    :
REYNALDO MERCADO                   :
                                    :
              Appellant             :     No. 428 MDA 2021

Appeal from the Judgment of Sentence Entered November 19, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004049-2018

BEFORE:    OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:         **FILED: FEBRUARY 11, 2022**

Appellant, Reynaldo Mercado, appeals from the judgment of sentence entered on November 19, 2020, as made final by the denial of his post-sentence motions on March 19, 2021. In this direct appeal, Appellant's counsel filed a petition for leave to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Nevertheless, after independently reviewing the record, we cannot conclude, for the reasons explained more fully below, that the appeal is wholly frivolous. We therefore deny counsel's petition to withdraw and direct counsel to file an advocate's brief.

---

[*] Retired Senior Judge assigned to the Superior Court.

This case arose out of the fatal stabbing of Fred Boote which occurred during the early morning hours of September 14, 2018 at his residence located in Wilkes-Barre, Luzerne County, Pennsylvania. At the conclusion of trial on November 18, 2020, a jury found Appellant guilty of first-degree murder, second-degree murder, third-degree murder, burglary, robbery, criminal conspiracy to commit robbery, theft by unlawful taking or disposition, arson, criminal conspiracy to commit arson, abuse of a corpse, and tampering with or fabricating physical evidence.[1] On November 19, 2020, the court imposed an aggregate sentence of life imprisonment plus 32 to 64 years' incarceration.[2]

Appellant filed a post-sentence motion on November 24, 2020. That motion was denied on March 19, 2021. Appellant then filed his notice of appeal on April 7, 2021. The trial court directed Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b) and Appellant timely complied with

---

[1] 18 Pa.C.S.A. §§ 2502(a), 2502(b), 2502(c), 3502(a)(1)(i), 3701(a)(1)(i), 903(a) and 3701(a)(1)(i), 3921(a), 3301(a)(1)(ii), 903(a) and 3301(a)(1)(ii), 5510, and 4910(1), respectively.

[2] For sentencing purposes, the trial court merged Appellant's second- and third-degree murder convictions with his conviction for first-degree murder. In addition, the court imposed consecutive sentences of 72 to 144 months for burglary, 96 to 192 months for robbery, 72 to 144 months for criminal conspiracy to commit robbery, 72 to 144 months for arson, 60 to 120 months for criminal conspiracy to commit arson, 12 to 24 months for abuse of corpse, and a concurrent term of 6 to 12 months for tampering with or fabricating physical evidence. The court imposed a $100.00 fine for theft by unlawful taking or disposition. All of the non-homicide offenses fall within the standard range of the sentencing guidelines. Appellant received credit for serving 796 days of incarceration prior to sentencing. *See* Trial Court Opinion, 6/4/21, at 3 (unpaginated).

the court's order on April 27, 2021. The trial court issued its Rule 1925(a) opinion on June 4, 2021.

"In order to withdraw from appellate representation pursuant to *Anders*, certain procedural and substantive requirements must be met." *Commonwealth v. Tejada*, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must,

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 359. Substantively, counsel must file an Anders brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Hankerson*, 118 A.3d 415, 419–420 (Pa. Super. 2015), quoting *Santiago*, 978 A.2d at 361.

In this case, counsel has complied with *Anders'* procedural and substantive requirements.[3] "Therefore, we now have the responsibility 'to make a full examination of the proceedings and make an independent

---

[3] Appellant has not responded to counsel's petition to withdraw.

judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Tukhi*, 149 A.3d 881, 886 (Pa. Super. 2016).

The **Anders** brief filed by Appellant's counsel raises two issues. The first issue asserts that the Commonwealth failed to introduce sufficient evidence to establish that Appellant committed first-degree murder, second-degree murder, burglary, robbery, conspiracy to commit robbery, theft by unlawful taking or disposition, arson, abuse of corpse, and tampering with physical evidence. The second issue asserts that the trial court abused its discretion by imposing consecutive, rather concurrent, sentences. Counsel concludes that, based upon his review of the notes of testimony and applicable case law, these challenges lack merit and are wholly frivolous.

We are unable to assess the claims raised in the **Anders** brief as our independent review has uncovered a non-frivolous issue in this appeal. **See Commonwealth v. Wrecks**, 931 A.2d 717, 720–21 (Pa. Super. 2007) ("if there are non-frivolous issues, [Superior Court] will deny the petition [to withdraw] and remand for the filing of an advocate's brief"). Here, the jury found Appellant guilty of criminal conspiracy to commit robbery and criminal conspiracy to commit arson. At sentencing, the trial court imposed separate punishments for each conspiracy conviction.

The conspiracy statute provides that, "[i]f a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are the object of the same agreement or [a] continuous conspiratorial

relationship." 18 Pa.C.S.A. § 903(c). In determining whether a particular case involves one or more conspiracies, we consider several factors.

> The factors most commonly considered in a totality of the circumstances analysis of the single vs. multiple conspiracies issue ... are: the number of overt acts in common; the overlap of personnel; the time period during which the alleged acts took place; the similarity in methods of operation; the locations in which the alleged acts took place; the extent to which the purported conspiracies share a common objective; and, the degree to which interdependence is needed for the overall operation to succeed.

*Commonwealth v. Savage*, 566 A.2d 272, 278 (Pa. Super. 1989). If a defendant establishes that multiple crimes were the object of the same agreement or a continuous conspiratorial relationship, he cannot be punished separately for multiple conspiracy convictions since multiple sentences under such circumstances are precluded by statute. *See Commonwealth v. Davis*, 704 A.2d 650, 654-655 (Pa. Super. 1997), *appeal denied*, 719 A.2d 744 (Pa. 1998), *cert. denied*, 525 U.S. 1026 (1998).

In finding that sufficient evidence supported Appellant's conviction for conspiracy to commit robbery, the trial court observed that Appellant and another individual agreed to rob the victim by taking or exercising control over his personal property and that the victim was killed during the theft. In addition, the court found sufficient evidence to support Appellant's conviction for conspiracy to commit arson because, shortly after the theft and the killing occurred, Appellant and the same individual agreed to use gasoline to burn the victim's body and his residence. Under these circumstances, a

- 5 -

non-frivolous issue emerges as to whether the robbery of the victim and the burning of his body and residence were the object of a single agreement or part of a continuous conspiratorial relationship. As appellate review of this issue would benefit from adversarial input by the parties, we direct counsel for Appellant to file an advocate's brief. Appellant's brief shall be filed within 30 days of the date of this memorandum. Appellee, the Commonwealth, shall file its brief within 30 days after service of Appellant's brief. Appellant may file a reply brief within 14 days after service of Appellee's brief.

Petition to withdraw as counsel denied. Counsel directed to file an advocate's brief in accordance with instructions. Jurisdiction retained.