J-S18040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY JAMES VILLELLA | : | |
| | : | |
| Appellant | : | No. 141 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 27, 2021
In the Court of Common Pleas of Allegheny County Criminal
Division at No(s): CP-02-CR-0006078-2019

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: JULY 22, 2024**

Anthony James Villella ("Villella") appeals *nunc pro tunc* from the judgment of sentence imposed following his negotiated guilty plea to one count each of sexual assault, endangering the welfare of children, corruption of minors, and selling or furnishing liquor to minors.[1] Additionally, Villella's counsel ("Counsel") has filed an application to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we grant Counsel's motion to withdraw and affirm the judgment of sentence.

In September 2021, Villella pleaded guilty to the above-cited charges; in return, the Commonwealth withdrew charges of rape of an unconscious victim, statutory sexual assault, unlawful contact with a minor, aggravated

---

[1] **See** 18 Pa.C.S.A. §§ 3124.1, 4304(a)(1), 6301(a)(1)(i), 6310.1(a).

indecent assault — complainant less than 16 years old, one count of corruption of minors, indecent assault — person less than 16 years old, and one count of furnishing or selling liquor to minors.  The charges arose from an incident wherein Villella gave alcohol and marijuana to his then fourteen-year-old daughter ("the victim") and her friend, and sexually assaulted his high and alcohol-impaired daughter.  In accordance with the terms of the plea deal, the trial court sentenced Villella, who had a prior record score of five and was on probation at the time of the incident, to a below-guidelines sentence of four to ten years in prison to be followed by a term of probation.

In November 2021, Villella filed a petition pursuant to the Post Conviction Relief Act (PCRA),[2] seeking restoration of his post-sentence and direct appeal rights, that the court subsequently granted.  Villella filed a timely post-sentence motion seeking to withdraw his guilty plea based on after-discovered evidence: the victim's recantation.

The court held an evidentiary hearing in November 2023.  At the hearing, former Pittsburgh Police Detective Quinten Boose ("Detective Boose"), who had investigated the original charges, testified he reviewed tapes of prison telephone calls between Villella and his female cousin, Jamie Accamando ("Accamando"), wherein the two discussed having Accamando

_____

[2] **See** 42 Pa.C.S.A. §§ 9541-9546.

befriend the victim, gain her trust, then persuade her to recant.[3]  *See* N.T.

11/16/23, at 22, 25-26.  Detective Boose also recounted his recollections of

an October 2021 meeting with the then seventeen-year-old victim, who was

accompanied by counsel Accamando retained.  *See id*. at 25-26, 31.

Detective Boose stated the victim never directly recanted her allegations.  *See*

*id*. at 25.  Instead, he recalled her saying she wanted to take back the

accusations because everything in her life had gotten worse and now, she had

no one.  *See id*.

Allegheny County Deputy District Attorney Jennifer DiGiovanni ("DDA

DiGiovani"), also testified regarding the October 2021 meeting, which she said

lasted only ten to fifteen minutes.  *See id*. at 28, 30.  DDA DiGiovanni stated

the victim looked "so stressed," uncomfortable, and "like, the weight of the

world's on her shoulders."  *Id*. at 30.  She corroborated Detective Boose's

testimony regarding the victim's "recantation."  *See id*. at 30.  DDA

DiGiovanni explained the victim never said the allegations were untrue or that

Villella did not sexually assault her but that she wanted everything to go back

to the way it was because her mother would not speak to her, her father was

in jail, and her boyfriend broke up with her.  *See id*. at 30, 32.  DDA DiGovanni

---

[3] Because of the length of the calls, the Commonwealth did not play the tapes during the hearing.  *See* N.T., 11/16/23, at 37.  The Commonwealth offered to enter the tapes into evidence so the trial court could review them, but Villella's counsel said that was not necessary.  *See id*.

recounted when Detective Boose said to the victim, "you haven't said it didn't happen," the victim replied, "I know what I said." ***Id***.

The victim testified briefly at the hearing and, again, did not recant. ***See id***. at 8-16. Instead, she reiterated that making the accusations made her life worse because she lived in foster care, was not in communication with her mother, and her boyfriend broke up with her. ***See id***. at 11-12. The victim was unable to recall the events surrounding Villella's guilty plea or the October 2021 meeting, although she recalled saying the allegations were untrue. ***See id***. at 7-8, 9-10. The victim did not repeat this contention at the hearing, instead saying Villella "didn't do anything wrong." ***Id***. at 13. The victim acknowledged that, after Villella pled guilty, she spent a great deal of time with Accamando, who paid for her attorney, and claimed she told Accamando the allegations were not true. ***See id***. 12-13.[4]

Villella testified and conceded that, under oath, he had previously admitted sexually assaulting the victim. ***See id***. at 19. He also acknowledged having multiple telephone calls with Accamando during which he complained that the victim ruined his life but denied discussing recantation with Accamando. ***See id***. at 19-21.

---

[4] Accamando, the sole witness to the victim's alleged recantation, neither appeared nor testified at the hearing. ***See id***. at 13.

In January 2024, the trial court denied Villella's post-sentence motion. This timely appeal followed.[5]

We first address Counsel's application to withdraw. *See Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Before being permitted to withdraw pursuant to *Anders*, counsel must satisfy certain procedural and substantive requirements. *Commonwealth v. Tejada*, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [*Anders*] brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 359 (citation omitted). Substantively, counsel is required to file an *Anders* brief, in which counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

[5] Villella and the trial court complied with Pa.R.A.P. 1925.

*Santiago*, 978 A.2d at 361.

Counsel has complied with *Anders*'s procedural and substantive requirements. Counsel states in his application to withdraw he found Villella's issue to be "wholly frivolous" after conducting a thorough review of the record. Application for Leave to Withdraw as Counsel, 3/8/24, at 1 (unnumbered). Counsel attached to his application a copy of the letter he sent to Villella, in which he advised Villella he could retain private counsel or proceed *pro se*. *See id*. at Ex. A; *see also Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005). Counsel also provided Villella with a copy of the *Anders* brief, which summarizes the facts and procedural history, includes the issue that could arguably support Villella's appeal, and explains Counsel's assessment of why the issue is frivolous.[6] Accordingly, we review the issue presented in Counsel's *Anders* brief. We also conduct an independent review of the record to determine whether Villella's appeal is in fact wholly frivolous. *See Santiago*, 978 A.2d at 358; *see also Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) (citation omitted) ("part and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated.").

Counsel's *Anders* brief presents the following issue:

Whether [Villella] is entitled to a new trial based upon [the victim's] recantation of her allegations — first expressed by her

___

[6] Villella has not filed a response to Counsel's application.

and made known to [Villella] . . . after the plea and sentencing in this matter — which is of such a nature and character that a different result at trial is likely?

***Anders*** Brief at 3.

Villella seeks to withdraw his guilty plea and go to trial based upon after-discovered evidence. ***See Anders*** Brief at 15-27. This Court has stated:

> To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely.

***Commonwealth v. Miller***, 172 A.3d 632, 650 (Pa. Super. 2017) (citation omitted). "The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." ***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa. Super. 2010) (citations omitted).

Villella argues he is entitled to withdraw his guilty plea and receive a new trial based upon the victim's alleged recantation testimony. Our Supreme Court has long cautioned that "recantation is one of the least reliable forms of proof, particularly when it constitutes an admission of perjury." ***Commonwealth v. McCracken***, 659 A.2d 541, 545 (Pa. 1995) (citation omitted). ***See also Commonwealth v. Dennis***, 715 A.2d 404, 416 (Pa. 1998) ("Recantation . . . is notoriously unreliable, particularly where the witness claims to have committed perjury."); ***Commonwealth v. Floyd***, 484

A.2d 365, 369 (Pa. 1984) ("Recantation testimony is considered extremely unreliable."). Thus, such evidence is viewed at the highest level of scrutiny. *See McCracken*, 659 A.2d at 545.

This Court noted when assessing the credibility of a declarant, here, the victim, who has made a statement against penal interest, the courts "must consider the declarant's motive for making the statement and whether the surrounding circumstances indicate the statement is trustworthy." *Padillas*, 997 A.2d at 365-66 (citations omitted). When a request for a new trial is premised on recantation testimony, the court "must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole. Unless [the trial court] is satisfied that the recantation is true, it should deny a new trial." *Commonwealth v. Small*, 189 A.3d 961, 977 (Pa. 2018) (citation omitted).

Here, the trial court found Villella met the first three prongs of the after-discovered evidence test.[7] *See* Trial Court Order, 1/17/24, at 4-6. However, it found the evidence was not of such a nature and character that a different outcome was likely, and thus failed to meet the fourth prong. *See id*. at 6-9. It explained:

> [T]he [trial court] finds [the victim's] testimony at the November 16, 2023 hearing not credible. Although [the victim] testified that [Villella] did "nothing wrong", **the [trial Court] is**

---

[7] We adopt the trial court's reasoning with respect to the first three-prongs of the after-discovered evidence test. *See* Trial Court Order, 1/17/24, at 4-6.

***troubled by what was not said by [the victim] and what was lacking in [Villella's] effort to meet his burden of proof.*** Put more simply, just as important as what *was* presented at the hearing, is what wasn't.

[Villella] asks the [the trial court] to believe the vague recantation by [the victim,] absent any evidence demonstrating why his then 14-year-old daughter would fabricate the sexual abuse allegations that led to the charges being filed, and her testimony to the same under oath at a preliminary hearing. Additionally, [the victim's] initial statements to police were corroborated in part, as the affidavit of probable cause stipulated to by [Villella] at the plea hearing . . . included statements by [the victim's] friend, who was at the home the night [Villella] provided both girls with alcohol and marijuana.

Furthermore, it is clear from the record that [the victim] did not testify to any details surrounding the reasons and circumstances for her recantation in October 2021, stating that she could not recall or remember the times or circumstances surrounding the recantation. Curiously, [Villella] failed to call [his cousin, Accamando], to whom [the victim] initially recanted. [Accamando] presumably could have provided the [trial court] with the context surrounding [the victim's] recantation, as it was undisputed that she played a pivotal role in informing [Villella] of the recantation and the events that followed. Detective Boose testified there were numerous phone calls between [Villella] and [Accamando] regarding the subject of [the victim] recanting and the eventual recantation, and [the victim] attended the subsequent meeting with the District Attorney's Office with legal representation paid for by [Accamando].

Having reviewed the case law offered by counsel[,] it is apparent that the courts have looked for more than just a mere recantation in support of granting relief in the form of a new trial. ***See Commonwealth v. Mosteller***, 284 A.2d 786, 788 (Pa. 1971) (The Pennsylvania Supreme Court found that a recantation by the victim in a sexual abuse case warranted a new trial based on an after-discovered evidence claim where testimonial and medical evidence supported appellant's version of the events and where the victim's recantation was corroborated by another witness.) ***See Commonwealth v. Loner***, 836 A.2d 125, 138-42 (Pa. Super. 2003) (Request for a new trial based on a victim's

recantation of sexual abuse allegations against her father, appellant, was denied wherein evidence supported a motive to lie as she desired reunification with her family and the explanations for lying at both trials was not reasonable.)

The [trial court] finds that the following all detract from the credibility of [the victim's] November 16, 2023 testimony: the lack of clarity and substance of [the victim's] recantation; the familial relationship between [the victim] and [Villella]; the unrebutted testimony of Detective Boose and DDA [] DiGiovanni regarding [the victim's] emotional state and behavior at the October 2021 meeting; [the victim's] lack of a firm denial of the sexual abuse at this same meeting; the apparent life pressures on [the victim]; her desire to regain a relationship with [Villella]; and the statements made by [Villella] during his plea colloquy.

In light of the [trial court's] determination that the recantation lacks credibility, [Villella] has failed to establish the fourth prong, that the evidence would likely result in a different verdict if a new trial were granted.

*Id*. at 7-9 (citation format regularized, paragraph numbers omitted) (emphasis added).

The record and the law support the trial court's determination. The victim's vague testimony does not indicate her single statement that Villella "didn't do anything wrong" was trustworthy, particularly considering the cruel pressure campaign waged by Villella and Accamando. *See Padillas,* 997 A.2d at 365-66. Moreover, as in *Loner*, which the trial court cited, the circumstances undermine the reliability of the recantation s because the victim wanted reunification with her family members. *See Loner*, 836 A.2d at 138-42. Additionally, the trial court did not find the victim's "recantation" credible, thus failing to satisfy the standard enunciated in *Small* for the grant of a new

- 10 -

trial. **See Small**, 189 A.3d at 961. Lastly, Villella entered a guilty plea in this matter. This Court has long held "defendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements." **Commonwealth v. Culsoir**, 209 A.3d 433, 437 (Pa. Super. 2019. Villella admitted at his plea colloquy he had committed sexual assault, endangered the welfare of a child, corrupted a minor, and furnished alcohol to a minor. N.T., 9/27/21, at 17. He agreed he pled guilty of his own volition. **See id**. Villella's issue is wholly frivolous.

Finally, our independent review of the record reveals no arguably meritorious issues Villella could raise on appeal. **See Dempster**, 187 A.3d at 272. Accordingly, we grant Counsel's application to withdraw and affirm Villella's judgment of sentence.

Application to withdraw from representation granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/22/2024