J-A02045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LUNDES GARRETT | : | |
| | : | |
| Appellant | : | No. 1139 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 8, 2021
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s):  CP-66-CR-0000117-2020

BEFORE:  NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED: AUGUST 7, 2024**

Lundes Garrett ("Garrett") appeals *pro se* from the judgment of sentence following his convictions for driving under the influence ("DUI"), DUI – controlled substance, DUI – controlled substance (impaired ability), DUI – controlled substance, driving an unregistered vehicle, and careless driving.[1] We vacate the convictions and judgment of sentence.

The facts relevant to our disposition are as follows.  On September 28, 2021, Garrett appeared for trial.  The Commonwealth called its first witness, Pennsylvania State Trooper Valet Bernosky ("Trooper Bernosky").  *See* N.T., 9/28/21, at 4-6.  While Trooper Bernosky was still testifying, Garrett requested, and received, a brief recess during the trooper's testimony to use the bathroom, asserting he was suffering from diarrhea.  *See id*. at 6.  The

---

[1] *See* 75 Pa.C.S.A. §§ 3802(d)(1)(i), 3802(d)(1)(iii), 3802(d)(2), 3802(f)(3), 1301, 3714.

trial court granted a recess. *See id*. When the trial resumed, Garrett told the court he had soiled himself and did not have a change of underclothes. *See id*. at 7-8. The court discussed Garrett's insistence on wearing a mask, which was impairing the court officer's ability to hear him, and offered him the opportunity to conduct cross-examination remotely; Garrett declined. *See id*. at 7-13. The court noted that the trial had been continued multiple times. *See id*. at 13. It granted Garrett a twenty-minute recess to procure the underclothing he said he needed. *See id*. at 14-17.

When court returned to session after the recess, the Deputy Sheriff stated Garrett was "downstairs in the lobby and they called an ambulance for him. There's some kind of medical issue." *See id*. at 17. The court stated the circumstances that occasioned the recess and noted that an ambulance was coming for Garrett. It then said the prosecutor's name, apparently inviting the Commonwealth's input. The prosecution indicated it wanted trial to proceed, and stated Garrett might have lied about needing the bathroom and been engaging in a "hoax and deception" to delay trial. *See id*. at 18. The prosecutor stated it could pursue the basis for Garrett's assertion of a medical issue with Commonwealth witness Lieutenant Derek Felsman when he testified. *See id*. The court declared its awareness of Garrett's previous delays and permitted trial to continue. *See id*. at 18-19. The court did not ask the Commonwealth to demonstrate a basis for proceeding with trial in the absence of Garrett or an attorney to represent him and did not conduct its own inquiry about Garrett's reasons for being absent from court.

- 2 -

Trooper Bernosky then resumed his substantive testimony about his stop of Garrett's tractor-trailer at 8:00 p.m. on February 26, 2020, and Garrett's performance of field sobriety tests. *See id*. at 4, 20-27.[2] The Commonwealth qualified Lieutenant Derek Felsman ("Lieutenant Felsman") as an expert and elicited his detailed observations of Garrett's performance of field sobriety tests, and his expert opinion that Garrett was incapable of safe driving.[3] *See* N.T., 9/28/21, 27-36; N.T., 9/28/21 (supplement),[4] at 5-12.

At the conclusion of Lieutenant Felsman's testimony, the trial court questioned him about whether there was an odor in the bathroom when Garrett used the toilet earlier. *See* N.T., 9/28/21 (supplement), at 13. The court then placed on the record the fact Garrett had been instructed how to apply for a public defender but had not done so, resulting in the public defender's decision not to represent him. *See id*. at 14-16.

The court convicted Garrett of the above-listed charges. On December 9, 2021, it imposed a sentence of one to six months of imprisonment. After

---

[2] Because Garrett was not present and unrepresented, no one cross-examined the trooper.

[3] The Commonwealth did not ask any questions about Lieutenant Felsman's observations of Garrett at the time emergency services were summoned to the courthouse.

[4] The trial transcript submitted with the certified record terminated, without explanation, in the middle of Lieutenant Felsman's testimony. The transcript had not been completed when the parties filed their briefs. This Court's order resulted in the completion of the trial transcript. We note our disapproval that neither of the parties nor the court ensured the preparation of a complete trial transcript.

Garrett's appeal was dismissed for failure to file a brief, this Court reinstated Garrett's direct appeal rights in August 2023. Garrett filed a timely notice of appeal. The trial court did not require Garrett to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925 and he did not do so. Following this Court's remand and at this Court's direction, the trial court obtained a completed trial transcript and filed a supplemental opinion.[5]

Garrett raises a series of issues on appeal, but given our disposition we address only one:

> Whether the [trial court] erred in prosecuting [Garrett] without affording him a full and fair process of constitutionally[-]protected and established rights and procedures?

Garrett's Brief at 3 (capitalization standardized).

Garrett's issue concerns when a criminal defendant may be tried *in absentia*, and more specifically, the conditions under which an unrepresented defendant may be tried. A defendant has the right to be present at trial, although he can waive that right:

> Under the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, an accused has the right to be present at every stage of a criminal trial. However, this right may be waived . . . either expressly or implicitly by a defendant's actions.

***Commonwealth v. Hill***, 737 A.2d 255, 258-59 (Pa. Super. 1999) (footnotes and internal citations omitted). When a defendant is absent without cause, a

---

[5] The trial court did not address Garrett's claim in its original opinion. ***See*** Trial Court Opinion, 9/26/22.

trial may proceed. *See* Pa.R.Crim.P. 602(A). However, the Commonwealth bears the burden to prove, by a preponderance of the evidence, that a defendant is absent without cause, and the waiver was knowing, voluntary, and intelligent. *See* Pa.R.Crim.P. 602 cmt.; *Hill*, 737 A.2d at 259. *Accord Commonwealth v. Prout*, 292 A.3d 1084 (Pa. Super. 2023) (unpublished memorandum at *2)[6] (recognizing trial *in absentia* requires a defendant's affirmative waiver of his right to be present or the Commonwealth's proof both that he is absent without cause and knowingly and intelligently waived his right to be present).

Furthermore, when a *pro se* defendant is removed from the court during trial, he does not forfeit his right to representation at trial. *See Commonwealth v. Tejada*, 176 A.3d 355, 360 (Pa. Super. 2017). This Court has cited authority for the proposition that a court "cannot proceed in the defendant's absence unless and until the court has either secured the defendant's waiver of his or her right to representation at trial or has taken some other course of action that protects the defendant's right to representation, which may include the appointment of counsel." *See id*. at 360-61 (citation omitted).[7]

---

[6] *See* Pa.R.A.P. 126(b)(1)-(2) (permitting the citation of unpublished decisions filed after May 1, 2019, for their persuasive value).

[7] Because *Tejada* arose in an *Anders* context, the Court did not address the merits of the analysis it cited. *See Tejada*, 176 A.3d at 361 n.7.

An appellate court reviews a trial court's decision to proceed with a trial *in absentia* for an abuse of discretion. **See Commonwealth v. Wilson**, 712 A.2d 735, 739 (Pa. 1998). Discretion is abused where the judgment is manifestly unreasonable or where the law is not applied or the action is a result of partiality, prejudice, bias, or ill-will. **See Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013).

Garrett asserts the court deprived him of the opportunity to confront witnesses and present witnesses on his own behalf. He states that on return from a recess occasioned by him soiling himself, he suffered an injury reentering the court that resulted in a call for emergency medical services. **See** Garrett's Brief at 23.

Concerning this issue, the trial court states Garrett was uncooperative, failed to appear at numerous scheduled proceedings, and requested numerous continuances. **See** Trial Court Opinion, 5/2/24, at 2. The court also notes Garrett failed to file the necessary documentation to obtain the assistance of a public defender and the public defender declined to represent him. **See id**. at 4. The court also avers Garrett has been paroled and passed his maximum sentence. **See id**. at 1.

The trial court abused its discretion in proceeding with trial in Garrett's absence. Trial *in absentia* is permissible when the Commonwealth proves by a preponderance of the evidence the defendant's absence without cause, and that he knowingly and intelligently waived his presence. **See** Pa.R.Crim.P.

602 cmt.; **Hill**, 737 A.2d at 259. The Commonwealth did not present proof of either of the two necessary elements authorizing trial *in absentia*; instead, it offered an opinion based on Garrett's alleged prior evasive conduct. The Commonwealth accordingly failed to demonstrate the conditions for trial *in absentia*. **See id**. **See also Prout**, 292 A.3d 1084 at *3 (Pa. Super. 2023) (finding trial court abused its discretion by conducting trial *in absentia* where Prout did not return from a recess and no inquiry was made into his whereabouts or the reasons for his absence).

The trial court neither required the Commonwealth to satisfy the conditions to conduct trial *in absentia* nor undertook its own inquiry into the basis for Garrett's absence from court following the recess, despite being informed emergency services had been called. Instead, the court allowed the trial to proceed. The court then permitted two witnesses to testify without cross-examination, determined one was sufficiently qualified to provide expert testimony, and received the expert's opinion about Garrett's alleged impairment. Although the court briefly questioned Lieutenant Felsman in an apparent attempt to determine whether Garrett had in fact soiled himself, the court never undertook any inquiry to determine the nature of the incident that caused Garrett not to return after the recess and to call for emergency medical assistance. That the court and/or the prosecutor did not believe Garrett was hurt does not excuse the Commonwealth's failure to show the required conditions precedent to trial *in absentia*, including that Garrett was absent

without cause. *See* Pa.R.Crim.P. 602 cmt.; *Hill*, 737 A.2d at 259.[8] Because we find the court abused its discretion in trying Garrett *in absentia* without making the proper inquiries regarding Garrett's absence from trial or requiring the Commonwealth to meet its burden of proof to conduct an *in absentia* trial, we vacate Garrett's convictions and judgment of sentence.

Convictions and judgment of sentence vacated.[9]

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/07/2024

---

[8] Although we would find reversible error had Garrett been represented, we are especially troubled here because of the issues arising from the trial *in absentia* of a non-represented party. *See Tejada*, 176 A.3d at 361 (acknowledging that trial of a *pro se* defendant *in absentia* "involve[s] complex constitutional issues").

[9] The trial court notes the time of Garrett's maximum sentence has expired. However, there may be direct or collateral consequences to Garrett's convictions.