J-S10011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ROBERT SHOW | : | |
| | : | |
| Appellant | : | No. 982 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 23, 2021
In the Court of Common Pleas of Lackawanna County
Criminal Division at CP-35-CR-0001165-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ROBERT SHOW | : | |
| | : | |
| Appellant | : | No. 983 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 23, 2021
In the Court of Common Pleas of Lackawanna County
Criminal Division at CP-35-CR-0001420-2020

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 21, 2022**

In this consolidated appeal, Anthony Robert Show (Appellant) appeals from the judgment of sentence imposed after he pled guilty to sex crimes against minors.   Additionally, Appellant's counsel (Counsel) has filed an application to withdraw from representation and brief pursuant to ***Anders v.***

_____

[*] Retired Senior Judge assigned to the Superior Court.

*California*, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Upon review, we grant Counsel's application to withdraw and affirm Appellant's judgment of sentence.

In August 2020, the Commonwealth charged Appellant at two separate dockets with numerous sex crimes involving four children. At docket 1165-2020 (case 1165), the Commonwealth charged Appellant with one count each of aggravated indecent assault of a child, unlawful contact with a minor, unlawful restraint of a minor, and corruption of minors, as well as three counts each of indecent assault and indecent exposure.[1] The Commonwealth alleged Appellant repeatedly sexually assaulted a nine-year-old female, J.H., and also assaulted two other minors, E.W. and W.T.

At docket 1420-2020 (case 1420), the Commonwealth charged Appellant with one count each of aggravated indecent assault of a child, aggravated indecent assault, corruption of minors, and indecent assault.[2] The Commonwealth alleged Appellant digitally penetrated the vagina of a nine-year-old, L.M.

On December 9, 2020, Appellant entered an open guilty plea at case 1165 to one count each of aggravated indecent assault of a child and corruption of minors, and at case 1420 to indecent assault. The trial court deferred sentencing for the preparation of a presentence investigation (PSI)

---

[1] 18 Pa.C.S.A. §§ 3125(b), 6318(a)(1), 2902(b)(2), 6301(a)(1)(ii), 3126(a)(7), and 3127(a).

[2] 18 Pa.C.S.A. §§ 3125(b), 3125(a)(7), 6301(a)(1)(ii), and 3126(a)(7).

report and for the Sexual Offender Assessment Board (SOAB) to assess and recommend whether Appellant should be classified as a sexually violent predator (SVP). *See* 42 Pa.C.S.A. § 9799.24(b).

Mary Muscari, Ph.D. (Dr. Muscari), conducted the SOAB evaluation and testified as the Commonwealth's sole witness at the SVP/sentencing hearing. The trial court qualified Dr. Muscari as an expert in the assessment of sexual deviance. N.T., 4/30/21, at 7-8. Dr. Muscari concluded: "My opinion is within a reasonable degree of professional certainty that [Appellant] meets the criteria for Sexual[ly] Violent Predator." *Id.* at 20. Appellant did not testify or present witnesses. At the conclusion of the hearing, the trial court determined Appellant met the criteria of an SVP and sentenced him to an aggregate 122-244 months in prison. *See id.* at 28-30.

On May 7, 2021, Appellant timely filed a petition for reconsideration of sentence, asserting: 1) his sentence was unduly harsh and excessive; 2) the sentencing court erred in erroneously considering juvenile offenses[3] when calculating Appellant's prior record score (PRS); and 3) his designation as an SVP was unconstitutional. Petition for Reconsideration of Sentence, 5/7/21, at ¶¶ 3, 7, 8-10. The trial court granted Appellant's petition in part on June 2, 2021, conceding that it erred in calculating Appellant's PRS. The court denied Appellant's petition in all other respects.

_____

[3] Appellant had a juvenile record for sexual offenses. *See* N.T., 4/30/21, at 11; N.T., 6/23/21, at 6.

On June 23, 2021, the trial court resentenced Appellant to an aggregate 8-17 years in prison, comprised of 78 to 156 months at case 1165 for aggravated assault of a child; 12-24 months at case 1165 for corruption of minors; and 6-24 months at case 1420 for indecent assault. The court ordered Appellant's respective sentences, which were in the aggravated range, to run consecutively.

Appellant timely appealed.[4] This Court consolidated the appeals *sua sponte* on August 30, 2021. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On January 11, 2022, Counsel filed an **Anders** brief in this Court, asserting Appellant's appeal is frivolous and requesting permission to withdraw from representation. Appellant did not file a response to Counsel's **Anders** brief or raise any additional claims.

We first address Counsel's application to withdraw. **See Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Before being permitted to withdraw pursuant to **Anders**, counsel must satisfy certain procedural and substantive requirements. **Commonwealth v. Tejada**, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must:

---

[4] Appellant complied with the dictates the Pennsylvania Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) ("where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."); **see also** Pa.R.A.P. 341, Official Note.

(1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the [*Anders*] brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 359 (citation omitted).  Substantively, counsel must file an *Anders* brief, in which counsel:

(1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Here, Counsel has complied with *Anders*' procedural and substantive requirements.  Counsel states in her application to withdraw that she found Appellant's issues to be frivolous after conducting a thorough review of the record, Appellant's file, and applicable case law.  Application to Withdraw as Counsel, 1/11/22, at ¶ 6.  Counsel attached to her application a copy of the letter she sent to Appellant, in which Counsel advised Appellant that he could retain private counsel or proceed *pro se*.  *Id.* at Ex. A; *see also Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).  Counsel also provided Appellant with a copy of the *Anders* brief, which summarizes the facts and procedural history, includes issues that could arguably support Appellant's appeal, and explains Counsel's assessment of why the issues are

frivolous. Accordingly, we review the issues presented in Counsel's *Anders* brief. We also conduct an independent review of the record to determine whether Appellant's appeal is, in fact, wholly frivolous. *See Santiago*, 978 A.2d at 358; *see also Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) ("part and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated.").

Counsel's *Anders* brief presents the following issues:

A. Whether the sentences imposed were harsh, excessive and an abuse of discretion[?]

B. Whether the trial court erred when it denied Appellant's motion to reconsider his SVP designation[?]

*Anders* Brief at 4 (capitalization omitted).

Appellant first challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute[.]" *Commonwealth v. Fuentes*, 2022 PA Super. 43, *15 (Pa. Super. 2022). Rather,

> [p]rior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (some citations omitted).

Appellant timely filed a notice of appeal, preserved his sentencing claim in a post-sentence motion, and included in his brief the requisite Pa.R.A.P. 2119(f) statement. *See Anders* Brief at 12-13. We therefore examine whether Appellant has raised a substantial question.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Brown*, 249 A.3d 1206, 1211 (Pa. Super. 2021) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted).

In his Rule 2119(f) statement, Appellant presents a general allegation of excessiveness and does not identify a violation of the Sentencing Code or fundamental norm underlying the sentencing process. *See Anders* Brief at 12-13 (asserting "the sentences were harsh and excessive" and "the circumstances [did not] justify such long sentences."); *see also Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (we cannot look beyond the statement of questions presented and 2119(f) concise statement to determine whether a substantial question exists). Appellant's

claim does not present a substantial question for review. ***See***, ***e.g.***, ***Commonwealth v. Andrews***, 213 A.3d 1004, 1017 (Pa. Super. 2019) ("a generic claim that a sentence is excessive does not raise a substantial question for our review." (citation omitted)); ***Commonwealth v. Giordano***, 121 A.3d 998, 1008 (Pa. Super. 2015) (same).

Moreover, our independent examination of the record discloses no other non-frivolous sentencing claims Appellant could raise on appeal.[5] ***See***, ***e.g.***, ***Commonwealth v. Bishop***, 831 A.2d 656, 661 (Pa. Super. 2003) (stating the appellant did not present "a substantial question for our review. In accordance with ***Anders***, our independent examination of the record convinces us that there are no other sentencing claims, not advanced by counsel, that would raise a substantial question to permit review of [appellant's] sentence."); ***Commonwealth v. Titus***, 816 A.2d 251, 256 (Pa. Super. 2003) (same). Accordingly, Counsel correctly determined Appellant's sentencing challenge is frivolous.

_____

[5] At sentencing, the trial court stated that Appellant deserved a lengthy sentence in light of his heinous, repeated crimes perpetrated against multiple minor victims. ***See*** N.T., 6/23/21, at 5-7. In its opinion, the court "submit[ted] that it sentenced Appellant appropriately and reasonably upon consideration of the serious nature and gravity of the offenses charged and pled to, the impact on the victims and their families, the particular characteristics and history of Appellant conveyed within the [PSI,] as well as the letter he submitted to the [c]ourt, the information reported by the SOAB, and the sentencing guidelines." Trial Court Opinion, 11/19/21, at 6. We discern no abuse of the court's sentencing discretion.

In his second issue, Appellant argues the Commonwealth failed to present sufficient evidence that he met the criteria of an SVP, and thus the trial court erred in designating him as such. *Anders* Brief at 17. In considering the sufficiency of the evidence supporting an SVP designation, we adhere to the following standard of review:

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is an SVP. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015) (citation and brackets omitted); *see also Commonwealth v. Meals*, 912 A.2d 213, 219 (Pa. 2006) ("The clear and convincing standard requires evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." (citation and brackets omitted)). We may not weigh the evidence or substitute our judgment for that of the trial court. *Commonwealth v. Prendes*, 97 A.3d 337, 355 (Pa. Super. 2014).

The Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10—9799.42, requires a trial court to order an individual who has been convicted of a "sexually violent offense" to be assessed by the SOAB. *Id.* § 9799.24(a); *see also id.* § 9799.12 (defining sexually violent

offense). Following the entry of such order, the SOAB is responsible for conducting an assessment to recommend whether the individual should be classified as an SVP. *Id.* § 9799.24(b). The assessment must consider the following:

> [W]hether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending.

*Hollingshead*, 111 A.3d at 190; *see also* 42 Pa.C.S.A. § 9799.24(b)(1)-(4) (statutory factors). **There is no requirement that all statutory factors or any particular number of them be present or absent in order to support an SVP designation**. *Commonwealth v. Brooks*, 7 A.3d 852, 863 (Pa. Super. 2010). After the SOAB completes its assessment, the trial court holds a hearing to "determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a[n SVP]." 42 Pa.C.S.A. § 9799.24(e)(3).

SORNA defines an SVP as an individual who has been convicted of one of the enumerated offenses, and "who is determined to be a[n SVP]

- 10 -

under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." *Id.* § 9799.12. An act is considered "predatory" under SORNA if it is "directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." *Id.*

Appellant does not dispute his guilty plea to sexually violent offenses. *See* 42 Pa.C.S.A. §§ 9799.12, 9799.14; *see also Anders* Brief at 17. He argues, however, "since [Dr.] Muscari did not find that [Appellant] had exhibited undue cruelty or manifestations of physical violence, her finding that he is an SVP was not based upon sufficient evidence." *Anders* Brief at 21.

The Commonwealth asserts Appellant waived this issue because he failed to preserve it. *See* Commonwealth Brief at 11-15. The Commonwealth emphasizes that Appellant, in his petition for reconsideration of sentence, argued as to his SVP classification:

8. This Honorable Court designated [Appellant] as a sexually violent predator (hereinafter SVP) after considering the testimony provided by the Commonwealth.

9. The process and designation of SVP status has been ruled unconstitutional.

10. The Pennsylvania Legislature has provided no guidance regarding SVP status and this Honorable Court should vacate the order designating [Appellant] as an SVP.

- 11 -

Petition for Reconsideration of Sentence, 5/7/21, at ¶¶ 8-10 (some capitalization omitted);[6] *see also* Commonwealth Brief at 11. The Commonwealth further observes that Appellant, in his court-ordered Pa.R.A.P. 1925(b) concise statement, failed to raise a sufficiency challenge to his SVP classification, and the trial court did not address sufficiency in its opinion. *See* Commonwealth Brief at 12; *see also* Trial Court Opinion, 11/19/21, at 7 (rejecting Appellant's constitutional challenge to his SVP classification, citing *Commonwealth v. Butler*, 226 A.3d 972, 976 (Pa. 2020) ("the procedure for designating individuals as SVPs under [42 Pa.C.S.A. §] 9799.24(e)(3) … remains constitutionally permissible.")).

> Appellant disagrees. He argues,
>
> since he has challenged the sufficiency of the evidence supporting the SVP determination, this issue is not waived for failure to raise it in the trial court. *See Commonwealth v. Fuentes*, [991 A.2d 935,] 941, n.4. [(Pa. Super. 2010) (*en banc*) (holding a challenge to the sufficiency of the evidence supporting an SVP determination may be made on appeal).] Pa.R.Crim.P. 606(A)(7) sets forth the manner in which a challenge to the sufficiency of the evidence supporting SVP [*sic*] and states that "[A] challenge to the sufficiency of the evidence [may be] made on appeal."

*Anders* Brief at 17.

Upon review, we conclude Appellant has not waived this issue. *See*, *e.g.*, *Fuentes*, *supra*; *Commonwealth v. Askew*, 907 A.2d 624, 631 (Pa. Super. 2006) (Lally-Green, J., concurring) (citing Pa.R.Crim.P. 606(A)(7) and

---

[6] Appellant abandoned his constitutional challenge on appeal.

stating, "this Court has not required defendants to challenge the sufficiency of the SVP evidence in a post-sentence motion"; thus, "[a]ppellant may challenge the sufficiency of the evidence supporting his SVP determination for the first time on appeal.").

At the hearing, Dr. Muscari testified as the SOAB member who conducted Appellant's SVP assessment, and an expert in the field of sexual deviance. N.T., 4/30/21, at 7-8. Appellant declined to be interviewed for Dr. Muscari's assessment. *Id.* at 8. Dr. Muscari testified about the documents and information she reviewed in completing the assessment, and recounted the facts of Appellant's crimes. *Id.* at 10-11. Dr. Muscari referenced Appellant's juvenile record of sexual offenses (aggravated indecent assault and voluntary deviate sexual intercourse). *Id.* at 11, 16; *but see also id.* at 11 (stating the SOAB "investigator was not able to get those records."). Dr. Muscari then addressed each of the statutory SVP factors *seriatim*. *See id.* at 12-20; *see also* 42 Pa.C.S.A. § 9799.24(b)(1)-(4). Dr. Muscari stated it was "significant" that Appellant perpetrated crimes against multiple minor victims, and assaulted one of the victims "for a couple years[.]" N.T., 4/30/21, at 12. Dr. Muscari conceded Appellant did not exceed the means necessary to commit the offenses, but noted Appellant "threaten[ed] [the victims] not to tell." *Id.* Dr. Muscari detailed the nature of Appellant's sexual contact with the victims. *Id.* at 12-13. She also explained the relationship between Appellant and the victims, *i.e.*, they were acquaintances. *Id.* at 13; *see also*

- 13 -

*id.* at 14 ("when we look later at the predatory criteria, it's how [Appellant] manipulated that relationship and meets the predatory part."). Dr. Muscari considered the young ages of the victims, stating "that is consistent with pedophilic disorder." *Id.* at 14. Dr. Muscari conceded Appellant did not display unusual cruelty during the commission of the crimes. *Id.* She also considered the mental capacities of the victims:

> In this case, there was no indication of diminished capacity considering their ages at the time. However, these are very young children, and, just by their age alone at the time of the offense[s], that makes them very, very vulnerable and it also makes them incapable of giving legal consent for any kind of sexual con[tact].

*Id.* at 15.

Dr. Muscari further considered Appellant's age at the time of the offenses, *i.e.*, 26 to 28 years of age, stating it was significant that Appellant "was considerably older than the victims[.]" *Id.* at 16. Dr. Muscari observed no evidence that Appellant used illegal drugs or was under the influence at the time of the offenses. *Id.* at 16-17. Dr. Muscari opined Appellant had a mental abnormality, pedophilic disorder, since he exhibited, over a period in excess of six months, interest, urges, fantasies or behaviors towards prepubertal children. *Id.* at 17-19. Dr. Muscari stated Appellant's "sexual deviance is reasonably related to the risk of re-offense, according to the literature." *Id.* at 19. Finally, Dr. Muscari opined that Appellant's deviant behavior was predatory, as that term is defined by statute. She testified that Appellant,

was close with all of his victims as a babysitter, or [as] the paramour [of] one of the victim's mothers, and he used these relationships to gain access to these children. He did threaten at least two of them, which is also part of that grooming process … [T]herefore, he promoted these relationships, at least[] in part, to facilitate sexual victimization, and, therefore, meets the predatory criteria.

*Id.* at 19-20 (unnecessary capitalization omitted). Consequently, Dr. Muscari classified Appellant as an SVP. *Id.* at 20.

On cross-examination, Dr. Muscari confirmed Appellant exhibited no manifestations of physical violence or unusual cruelty, *id.* at 21-22, which Appellant emphasizes on appeal. *Anders* Brief at 21.

At the conclusion of the hearing, the trial court stated:

Having heard the testimony and the evidence before the Court, … I find that the Commonwealth has met its burden in establishing [Appellant] as [an SVP], not only by clear and convincing evidence as required by the statute, but also, … they've established it by beyond a reasonable doubt, as well.

N.T., 4/30/21, at 23-24.

After careful review of the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude the evidence was sufficient to support the trial court's designation of Appellant as an SVP. Appellant's repeated sex crimes against multiple minors, combined with Dr. Muscari's testimony and pedophilia diagnosis, provide clear and convincing evidence that Appellant suffers from a mental abnormality which makes him likely to engage in predatory, sexually violent offenses. 42 Pa.C.S.A. § 9799.12; *see also*, *e.g.*, *Commonwealth v. Stephens*, 74 A.3d 1034, 1041-42 (Pa.

- 15 -

Super. 2013) (evidence that defendant was convicted of several sexual offenses involving a minor, was diagnosed with pedophilia, and that expert witness examined each statutory factor was sufficient to support defendant's classification as an SVP).

Although Dr. Muscari conceded Appellant did not manifest physical violence or unusual cruelty, she also correctly observed that a defendant does not have to meet all statutory factors to be classified as an SVP. N.T., 4/30/21, at 22; *see also Brooks*, *supra*; *Commonwealth v. Geiter*, 929 A.2d 648, 652 (Pa. Super. 2007) (rejecting defendant's sufficiency challenge to SVP determination, which was supported by clear and convincing evidence, where "[m]any of the [statutory] factors, including the lack of … gratuitous violence or unusual cruelty, … favored" defendant). Accordingly, we agree with Counsel that Appellant's sufficiency challenge is frivolous.

Finally, our review of the record reveals no arguably meritorious issues Appellant could raise on appeal. *See Dempster*, 187 A.3d at 272. We therefore grant Counsel's application to withdraw from representation and affirm Appellant's judgment of sentence.

Application to withdraw as counsel granted. Judgment of sentence affirmed.

Judge Colins joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/21/2022