J-S37045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARSHONE LAMAR STEELE | : | |
| | : | |
| Appellant | : | No. 434 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 6, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004254-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARSHONE LAMAR STEELE | : | |
| | : | |
| Appellant | : | No. 435 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 6, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004255-2019

BEFORE: BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 16, 2023**

Appellant, Marshone Lamar Steele, appeals from a judgment of sentence entered January 6, 2022 in the Criminal Division of the Court of Common Pleas of Chester County. In this direct appeal, Appellant's counsel filed a petition for leave to withdraw and an accompanying brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel

complied with the procedural requirements necessary to withdraw. Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

At the conclusion of a consolidated trial on September 10, 2021, a jury found Appellant guilty of the following offenses at docket number CR-4254-2019 ("4254-2019"): involuntary deviate sexual intercourse with a child (18 Pa.C.S.A. § 3123(b)), unlawful contact with minor – sexual offenses (18 Pa.C.S.A. § 6318(a)(1)), indecent assault – person less than 13 years of age (18 Pa.C.S.A. § 3126(a)(7)), corruption of minors – defendant age 18 or above (18 Pa.C.S.A. § 6301(a)(1)(ii)), and endangering the welfare of children – parent/guardian/other commits offense (18 Pa.C.S.A. § 4304(a)(1)). The charges filed at docket number 4254-2019 arose from a sexual assault Appellant perpetrated against his daughter, M.A. Similarly, at docket number CR-4255-2019 ("4255-2019"), the jury found Appellant guilty of the following offenses: three counts of rape of a child (18 Pa.C.S.A. § 3121(c)), three counts of involuntary deviate sexual intercourse with a child (18 Pa.C.S.A. § 3123(b)), three counts of unlawful contact with minor – sexual offenses (18 Pa.C.S.A. § 6318(a)(1)), aggravated indecent assault of a child (18 Pa.C.S.A. § 3125(b)), indecent assault – person less than 13 years of age (18 Pa.C.S.A. § 3126(a)(7)), corruption of minors – defendant age 18 or above (18 Pa.C.S.A. § 6301(a)(1)(ii)), and endangering the welfare of children – parent/guardian/other commits offense

(18 Pa.C.S.A. § 4304(a)(1)).  The charges filed at docket number 4255-2019 arose from sexual assaults in which Appellant targeted his other daughter, B.P.  At sentencing on January 6, 2022, the court imposed an aggregate punishment of 85-170 years in prison.[1]  No post-sentence motions were filed. Appellant filed a timely notice of appeal on February 7, 2022.[2]  *See* 1 Pa.C.S.A. § 1908 (providing that were, as here, the last day of an appeal period falls on Saturday, Saturday and Sunday are to be omitted from the computation of a filing deadline).

To prove the charges filed at 4254-2019, the Commonwealth presented the testimony of M.A., who stated that, when she was five years of age, Appellant penetrated her genitals with his penis.  To prove the charges lodged at 4255-2019, the Commonwealth introduced the testimony of B.P., who confirmed that, when she was between six and 10 years of age, Appellant engaged in digital, oral, and penile penetration of her genitalia and her mouth. The Commonwealth buttressed B.P.'s testimony with that of mandatory reporters Amanda Cavitt, a guidance counselor, and Dr. Brigette Miles, the

---

[1] The trial court also found that Appellant met the criteria for classification as a sexually violent predator.  *See* 42 Pa.C.S.A. § 9799.10 *et seq*.

[2] Direct appeal counsel was appointed on February 4, 2022.  In addition, the trial court issued an order, on February 7, 2022, directing Appellant to file and serve a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  After extension, appellate counsel filed a declaration of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4).  In the *Anders* brief filed with this Court, counsel avers that Appellant did not communicate with him in writing but simply alleged *via* telephone that the convictions were improper and that the sentence imposed by the trial court was unduly harsh. *See Anders* Brief at 7 and 15.

principal, at the King's Highway Elementary School in Coatsville, Pennsylvania where B.P. was a student.

On August 17, 2022, counsel filed an **Anders** brief with this Court, together with a petition to withdraw as counsel. We begin our analysis by considering whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1248–1249 (Pa. Super. 2015) (citation omitted).

"In order to withdraw from appellate representation pursuant to **Anders**, certain procedural and substantive requirements must be met." **Commonwealth v. Tejada**, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must,

> petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; furnish a copy of the brief to the defendant; and, advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id**. at 359.

Substantively, counsel must file an **Anders** brief, in which counsel: (1) provides a summary of the procedural history and facts, with citations to the record; (2) refers to anything in the record that counsel believes arguably supports the appeal; (3) sets forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is

frivolous. ***Commonwealth v. Hankerson***, 118 A.3d 415, 419–420 (Pa. Super. 2015), *quoting* ***Santiago***, 978 A.2d at 361.

In this case, counsel has complied with ***Anders***' procedural and substantive requirements. "Therefore, we now have the responsibility 'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Commonwealth v. Tukhi***, 149 A.3d 881, 886 (Pa. Super. 2016), *quoting* ***Flowers***, 113 A.3d at 1248.

The ***Anders*** brief develops only a single claim, which asks us to consider whether the evidence was sufficient to sustain the verdicts finding Appellant guilty of engaging in sexual assaults against his daughters, B.P. and M.A.

Our standard of review regarding the sufficiency of the evidence is as follows:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the [factfinder] to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the [factfinder]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the [factfinder] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the

weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lambert*, 795 A.2d 1010, 1014–1015 (Pa. Super. 2002) (citations omitted).

After careful review of the notes of testimony introduced at Appellant's trial, together with prevailing statutory and decisional law setting forth the elements of each offense of conviction, we conclude that the evidence was sufficient to convict Appellant of each of the sex offenses committed against his daughters, B.P. and M.A. As such, a challenge to the sufficiency of evidence in this case would be frivolous.

Next, the *Anders* brief alludes to possible challenges to the weight of the evidence and the discretionary aspects of Appellant's sentence. Appellate counsel concedes, however, that neither of these claims was properly preserved for appellate review before the trial court. *See Anders* Brief at 28.

We have examined the pertinent caselaw addressing such claims under the circumstances present in this case. Our decisions establish that, "when direct appeal counsel has filed an *Anders* brief and [requests] permission to withdraw from representation, this Court may overlook [waiver-causing procedural errors committed by direct appeal/*Anders* counsel **after** a notice of appeal has been filed] to ensure that *Anders* counsel has not overlooked non-frivolous issues." *Commonwealth v. Cox*, 231, 1011, 1016 (Pa. Super. 2020) (emphasis added). This Court cannot, however, address issues that were not properly preserved in the trial court. *Id.* "[T]he mere filing of an

*Anders* brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal." ***Id.***, *citing* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Turning to Appellant's weight claim, we note that a weight challenge must be preserved either in a post-sentence motion, a written motion before sentencing, or orally prior to sentencing. ***See*** Pa.R.Crim.P. 607(A)(1)-(3); ***see also id.***, cmt. (providing that "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived."). A failure to present a weight claim to the trial court *via* one of the prescribed methods constitutes waiver. ***Commonwealth v. Burkett***, 830 A.2d 1034, 1037 (Pa. Super. 2003); ***Commonwealth v. Wilson***, 825 A.2d 710, 713 (Pa. Super. 2003) (holding that a claim challenging the weight of the evidence cannot be raised for the first time on appeal). Direct appeal counsel concedes that any challenge to the weight of the evidence is waived because neither trial counsel nor Appellant preserved such an objection in the trial court. Our review of the docket confirms counsel's representation. Thus, any challenge to the weight of the evidence in this case would be frivolous since such a claim was not properly preserved.

Concerning Appellant's purported challenge to the discretionary aspects of his sentence, it is well settled that there is no absolute right to appeal the

discretionary aspects of a sentence. *See Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007). As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citation and brackets omitted).

Our review of the record confirms that Appellant did not meet the second requirement because he did not challenge the discretionary aspects of his sentence in an appropriate post-sentence motion or at the time of sentencing. This Court has held that the failure to preserve a discretionary sentencing claim with the trial court in a timely post-sentence motion results in waiver, even when appellate counsel petitions for withdrawal in the context of *Anders*. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (noting, where direct appeal counsel filed an *Anders* brief, that "Absent [a timely post-sentence motion or claim raised during

- 8 -

sentencing], an objection to a discretionary aspect of a sentence is waived."). Consequently, we conclude that Appellant's discretionary sentencing challenge is waived and, as such, the claim is frivolous because it is unreviewable on direct appeal. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (when an issue is waived, "pursuing th[e] matter on direct appeal is frivolous").

We have independently reviewed the submissions of the parties, together with the certified record, and are unable to discern any claims that are non-frivolous. Accordingly, we grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 2/16/2023*