J-S45034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COMESE ROBINSON, SR. | : | |
| | : | |
| Appellant | : | No. 911 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 17, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0005215-2018

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRAURY 22, 2023**

Comese Robinson, Sr. (Appellant), appeals from the judgment of sentence imposed following his open guilty plea to five counts of possession with intent to deliver a controlled substance (PWID),[1] and one count each of corrupt organizations and conspiracy.[2]  Additionally, Appellant's counsel (Counsel) has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. §§ 911(b)(4) and 903.

On November 29, 2018, Appellant entered an open guilty plea to the above charges. He waived his right to be sentenced within 90 days.[3] On November 17, 2021, following completion of a pre-sentence investigation report (PSI), the trial court sentenced Appellant to an aggregate standard-range sentence of 7½ - 15 years in prison (comprised of concurrent and consecutive sentences). *See* Trial Court Opinion, 8/3/22, at 2-4 (explaining sentence). Appellant filed a post-sentence motion, which the trial court denied. This timely appeal followed.[4]

On November 14, 2022, Counsel filed a petition to withdraw and ***Anders*** brief in this Court, asserting that Appellant's appeal is frivolous and requesting permission to withdraw from representation. Appellant did not file a response.[5]

We first address Counsel's application to withdraw. ***See Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Before being permitted to withdraw pursuant to ***Anders***, counsel must satisfy certain

---

[3] Sentencing was delayed as a result of the COVID-19 pandemic and Appellant's involvement in unrelated criminal proceedings.

[4] Appellant and the trial court complied with Pa.R.A.P. 1925.

[5] By correspondence "in lieu of a formal brief," the Commonwealth has advised it "is in agreement" with Counsel's ***Anders*** brief, as "there is no basis in either law or fact to support [A]ppellant's appeal." 11/15/22.

procedural and substantive requirements. *Commonwealth v. Tejada*, 176

A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the [*Anders*] brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 359. Substantively, counsel must file an *Anders* brief, in which

counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel has complied with *Anders*' procedural and substantive

requirements. Counsel states in her petition to withdraw that she found

Appellant's issues to be "wholly frivolous" after conducting a thorough review

of the record. Petition to Withdraw as Counsel for Appellant, 11/14/22, at 3

(unnumbered). Counsel has attached to her petition a copy of the letter she

sent to Appellant advising him he could retain private counsel or proceed *pro*

*se*. *Id.* at Ex. A; *see also Commonwealth v. Millisock*, 873 A.2d 748, 752

(Pa. Super. 2005). Counsel also provided Appellant with a copy of the *Anders*

brief which summarizes the facts and procedural history, includes issues that

could arguably support Appellant's appeal, and explains Counsel's assessment of why the issues are frivolous. Accordingly, we review the issues presented in the *Anders* brief. We also conduct an independent review of the record to determine whether Appellant's appeal is in fact wholly frivolous. *See Santiago*, 978 A.2d at 358; *see also Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) ("part and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated.").

In the *Anders* brief, Appellant first challenges the discretionary aspects of his sentence. There is no absolute right to challenge the discretionary aspects of a sentence on appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). To reach the merits of Appellant's issue, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329–30 (Pa. Super. 2013) (citation omitted).

Appellant has preserved his issues in a post-sentence motion, filed a timely appeal, and included a Rule Pa.R.A.P. 2119(f) statement in his brief. *See Anders* Brief at 15. Therefore, we must determine whether Appellant

has raised a substantial question, and if so, whether the trial court abused its sentencing discretion. **See Edwards**, 71 A.3d at 330.

Appellant contends the trial court erred in sentencing him to a lengthy sentence "without considering any mitigating circumstances of the Appellant and only considering the seriousness of the offense." **Anders** Brief at 15. This claim raises a substantial question.[6] **Commonwealth v. Summers**, 245 A.3d 686, 692 (Pa. Super. 2021) (claim that sentence was harsh and excessive and trial court failed to consider mitigating factors raises substantial question); **Commonwealth v. Macias**, 968 A.2d 773, 776 (Pa. Super. 2009) (claim that trial court only considered seriousness of offense raises substantial question).

In reviewing a challenge to the discretionary aspects of the sentence, we recognize:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

[6] Appellant also challenges as excessive the imposition of several consecutive sentences. **Anders** Brief at 15. However, "the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court, and a challenge to the imposition of consecutive sentences simply does not raise a substantial question." **Commonwealth v. Lloyd**, 878 A.2d 867, 873 (Pa. Super. 2005) (citations omitted).

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted). Further, where, as here, the trial court sentenced within the guidelines, we may only vacate the sentence if it is "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2).

Appellant first contends his sentence is excessive because the trial court did not consider mitigating factors. *Anders* Brief at 19. Appellant acknowledges the trial court imposed a sentence within the standard range of the sentencing guidelines. *Id.* at 20. This claim lacks merit.

As noted, the trial court had the benefit of a PSI. "Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). Upon review, we cannot conclude that Appellant's standard-range sentence was unreasonable.[7]

---

[7] Furthermore, the trial court considered Appellant's difficult life, his acceptance of responsibility, his participation in the community, his employment history, and family ties. N.T., 11/17/21, at 41-42.

Appellant also argues the trial court only focused on the seriousness of the crimes. *Anders* Brief at 18. The record indicates otherwise. The trial court considered the PSI and its addendum, the guidelines, and testimony and exhibits from both parties. N.T., 11/17/21, at 41-43. Thus, the trial court was aware of the multiple factors relevant to Appellant when it imposed his sentence. We agree with Counsel that Appellant's challenge to the discretionary aspects of his sentence is frivolous.

Next, Appellant challenges the effectiveness of plea counsel. *Anders* Brief at 25-26. This claim is premature. In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), the Pennsylvania Supreme Court reaffirmed the rule set forth in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), stating that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, 79 A.3d at 576. Although there are exceptions to the rule, no exception is applicable here.[8] Thus, Appellant's ineffective assistance of counsel claim is not before us.

---

[8] The **Holmes** Court recognized two exceptions: (1) where the trial court determines a claim of ineffectiveness is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the trial court finds "good cause" for unitary review, and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition
*(Footnote Continued Next Page)*

In his final claim, Appellant challenges the voluntariness of his guilty plea. ***Anders*** Brief at 26-28. This claim is waived.

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because [i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citations omitted). We may not review Appellant's challenge to his guilty plea because he failed to preserve it by either objecting during the plea colloquy or filing a post-sentence motion to withdraw the plea. ***See*** Pa.R.Crim.P. 720(B)(1)(a)(i) (Post-Sentence Procedures; Appeal).

Finally, our independent review reveals no arguably meritorious issues Appellant could raise on appeal. ***See Dempster***, 187 A.3d at 272. Accordingly, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw from representation granted. Judgment of sentence affirmed.

---

restrictions of the PCRA." ***Holmes***, 79 A.3d at 564, 577 (footnote omitted). Our Supreme Court adopted a third exception for "claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining PCRA review." ***Commonwealth v. Delgros***, 183 A.3d 352, 361 (Pa. 2018) ("[W]here the defendant is ineligible for PCRA review because he was sentenced only to pay a fine, we agree with Appellant that the reasoning in ***Holmes*** applies with equal force to these circumstances").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023