J-A07025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COLLIN ROBERT SHAAB | : | |
| | : | |
| Appellant | : | No. 1078 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 28, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001558-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COLLIN ROBERT SHAAB | : | |
| | : | |
| Appellant | : | No. 1079 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 28, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001559-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COLLIN ROBERT SHAAB | : | |
| | : | |
| Appellant | : | No. 1080 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 28, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0001596-2022

J-A07025-24

BEFORE:  STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: APRIL 19, 2024**

Collin Robert Shaab ("Shaab") appeals from the judgment of sentence following his guilty pleas for three counts of robbery, three counts of terroristic threats, two counts of theft by unlawful taking, and one count of threat to use weapons of mass destruction.[1]  Shaab's appellate counsel ("Counsel") has filed a petition to withdraw and an accompanying brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).  We affirm and grant Counsel's petition to withdraw.

The facts of record indicate that on three separate days in March 2022, Shaab went to bank drive-through windows and handed the teller a note claiming he would detonate bombs surrounding the bank if not given money. One teller gave him nearly $10,000 in response to his threat, and a second gave him almost $1,200; he fled from the third bank before receiving any money.  **_See_** N.T., 12/22/22, at 7-8.  In all three cases, the banks were evacuated and bomb squads summoned.  **_See id_**. at 8.

On December 22, 2022, Shaab entered open guilty pleas to the above-listed offenses.[2]  On separate bills of information, he pled guilty to three counts of robbery as a felony of the first degree, three counts of terroristic

---

[*] Former Justice specially assigned to the Superior Court.

[1] **_See_** 18 Pa.C.S.A. §§ 3701(a)(1)(iii), 3921(a), 2706(a)(2), 2715(a)(4).

[2] Shaab also entered negotiated guilty pleas that day to other offenses.  He did not file notices of appeal from the sentences in those cases.

threats as a felony of the third degree, one count of theft by unlawful taking, a misdemeanor of the first degree, and one count of threat to use weapons of mass destruction, a misdemeanor of the first degree. **See** N.T., 12/22/22, at 3-4. Each of the robberies constituted a "second strike" offense carrying a mandatory minimum ten-year term of imprisonment. **See id**. at 5.[3] The court determined Shaab entered knowing, intentional, and voluntary pleas and deferred sentencing at the Commonwealth's request. **See id**. at 8-10.

In June 2023, the court convened a sentencing hearing. Shaab's counsel provided corrections to the pre-sentence investigation ("PSI") report. Plea counsel noted Shaab committed the charged crimes two months after completing a ten-year sentence for armed robbery. Although it elected not to seek a mandatory term for each of the three robberies, the Commonwealth sought a sentence longer than the ten-year mandatory minimum for a single "second strike." **See** N.T., 6/28/23, at 4-7. At sentencing, plea counsel noted Shaab's completion of a drug and alcohol course, and prolonged history of substance abuse. **See id**. at 7-14. Shaab exercised allocution. **See id**. at 14-17. The court imposed an aggregate sentence of fifteen to thirty years of incarceration. **See id**. at 17-21.

On July 11, 2023, plea counsel filed a post-sentence motion asserting Shaab's drug addiction, his family support, and his completion of drug and alcohol treatment. Plea counsel argued Shaab received a manifestly excessive

---

[3] **See** 42 Pa.C.S.A. § 9714(a).

sentence that failed to account for his addiction and his rehabilitative needs. *See* Post-Sentence Motion at unnumbered 2-4. The court denied the post-sentence motion. Plea counsel withdrew from the case and the court appointed Counsel. Counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to withdraw, in lieu of a Pa.R.A.P. 1925(b) statement, and an *Anders* brief. The trial court did not file a Rule 1925(a) Opinion. Shaab has not filed a response to Counsel's brief.

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *See Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). Counsel who believes an appeal is frivolous and seeks to withdraw from representation must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Tejada*, 176 A.3d 355, 359 (Pa. Super. 2017). *See also Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). In *Santiago*, our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, which requires that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, this Court then has a duty to conduct its own review of the trial court's proceedings and make an independent determination whether the appeal is wholly frivolous. *See Commonwealth v. Edwards*, 906 A.2d 1225, 1228 (Pa. Super. 2006).

Counsel avers in her petition to withdraw she reviewed the entire record and concluded the appeal is frivolous. *See* Shaab's Brief at 11. Counsel states she sent a copy of the petition to withdraw and the *Anders* brief to Shaab, as well as information explaining Shaab's right to retain private counsel or proceed *pro se* and raise any other argument Shaab believes is meritorious. *See* Counsel's Application for Leave to Withdraw as Counsel, 11/28/23, Exhibit A.

Counsel's *Anders* brief includes a summary of the facts and procedural history of the case, identifies the issues that could arguably support Shaab's appeal, explains why the issues lack merit, and includes citations to the record. *See id*. We conclude Counsel has complied with the requirements of

- 5 -

*Anders*. Accordingly, we will conduct an independent review of the record to determine whether this appeal is wholly frivolous.

Counsel identifies as possible appellate issues the voluntariness of Shaab's guilty plea, and challenges to the legality and discretionary aspects of sentence.

A guilty plea is constitutionally valid when the plea colloquy affirmatively shows the defendant understood "what the pleas connoted and its consequences." *See Commonwealth v. Eichinger*, 108 A.3d 821, 832 (Pa. 2014) (citation omitted). An appellate court examines the totality of the circumstances surrounding the entry of a plea and will not deem a plea invalid where the defendant has that full understanding and knowingly and voluntarily decided to enter the plea*. See id*.

Here, Counsel states Shaab has not alleged his pleas were not knowing and voluntary, and further notes Shabb signed lengthy guilty plea colloquies stating the charges against him. *See* Anders Brief at 12. Counsel explains the court conducted a thorough, on-the-record, colloquy and informed Shaab of the absence of a sentencing agreement and the maximum possible sentence. *See id*. at 13. Additionally, Shaab did not dispute the Commonwealth's statement of the facts of the cases. *See id*.

We agree that Shaab's counsel cannot raise a non-frivolous challenge to his guilty pleas. Shaab clearly understood the facts to which he pleaded guilty, and the consequences of those pleas including the range of possible

sentences. We have no difficulty affirming Shaab entered his pleas knowingly, intelligently, and voluntarily. *Eichinger*, 108 A.3d at 832.[4]

Counsel next identifies a possible issue concerning the legality of Shaab's sentence.

A claim the sentence exceeds the statutory maximum raises a legality challenge. *See Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013).

Counsel recognizes Shaab's sentence was not illegal. For one of the three robberies, the court imposed the statutory minimum sentence of ten years for robbery as a felony of the first degree, which comported with the "second strike" statute, *see* 42 Pa.C.S.A. § 9714(a), and the maximum ten-to-twenty-year sentence for a first-degree felony, *see* 18 Pa.C.S.A. § 1103(1). Shaab received a five-to-ten-year sentence for one of the other two robberies, and a concurrent term of five to ten years for the third robbery. The court imposed concurrent one-to-five-year sentences for terroristic threats, an offense with a maximum sentence of seven years. *See* 18 Pa.C.S.A. § 1103(3). Finally, the court imposed concurrent one-to-five-year sentences for theft and threat to use weapons of mass destruction, misdemeanors of the first degree, punishable by up to five years of imprisonment. *See* 18 Pa.C.S.A.

---

[4] We also recognize Shaab received a benefit from pleading guilty to multiple offenses at the same time as a means of obtaining a shorter aggregate sentence, which would undermine any challenge to the knowing, intentional, and voluntary nature of his plea.

§ 1104(1). All Shaab's sentences were legal, and he could not raise a nonfrivolous legality of sentence claim.

The final possible issue Counsel identifies is a challenge to the discretionary aspects of sentence.

A discretionary aspects of sentence claim is not appealable as of right; the appellant must invoke this Court's jurisdiction by satisfying a four-part test. This Court must determine:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly presented at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's claim has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citations and brackets omitted).

As Counsel acknowledges, challenges to the discretionary aspects of sentence must be preserved at sentencing or in a timely post-sentence motion, and Shaab's post-sentence motion was filed one day out of time. **See** Shaab's Brief at 15-16, citing **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. 2003). Thus, Shaab is not entitled to review of a challenge to the discretionary aspects of his sentence.

Counsel alternatively notes any possible discretionary aspects of sentence claim would be without merit: Shaab received only one ten-year minimum sentence for robbery, a five-year sentence for the second one, and

a concurrent five-to-ten-year sentence for the third, and no factors existed which would make the application of the sentencing guidelines clearly unreasonable. *See Anders* Brief at 16-17.

A court imposing sentence must consider the circumstances of the offense and the defendant's character. *See Moury*, 992 A.2d at 171. Where the court has the benefit of a PSI, it will be assumed the court was aware of relevant information concerning the defendant's character and weighed it along with mitigating statutory factors. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). A court is not required to impose the "minimum possible" confinement. *See Commonwealth v. Walls*, 926 A.2d 957, 965 (Pa. 2007).

We note Shaab could have received a sentence of thirty to sixty years for the robberies alone, *see Commonwealth v. Griffin*, 207 A.3d 827, 833 (Pa. Super. 2019) (finding each crime of violence constituting a second strike requires a ten-year minimum sentence), without regard to terroristic threats or his other convictions. Here, the court imposed only a fifteen-to-thirty-year sentence. Additionally, the court had the benefit of a PSI and is presumed to have weighed mitigating factors like Shaab's addiction against the facts that he committed the three robberies only two months after release for a prior armed robbery and that his crimes caused considerable fear and disruption. Accordingly, we agree any discretionary sentencing challenge would be meritless. *See Walls*, 926 A.2d at 965; *Devers*, 546 A.2d at 18.

Finally, our independent review of the record reveals no other arguably meritorious issues Shaab could raise on appeal. ***See Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). Accordingly, we grant Counsel's application to withdraw and affirm Shaab's judgment of sentence.

Application to withdraw from representation granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/19/2024